RACHEL E. KAUFMAN (CAL BAR NO. 259353)
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorney for Plaintiff and the Putative Classes*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JODI JUDSON,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**GOLDCO DIRECT LLC,** a Delaware limited liability company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Jodi Judson ("Judson" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Goldco Direct LLC ("Goldco" or "Defendant") to stop Goldco from violating the Telephone Consumer Protection Act by sending unsolicited, autodialed text messages to consumers, including to consumers who have registered their phone numbers on the national

Do Not Call registry ("DNC"), and to otherwise obtain injunctive and monetary relief for all persons injured by Goldco's conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## INTRODUCTION

1.      Goldco sells precious metals and precious metals IRA related services to investors with self-directed IRA accounts.

2.      Goldco markets its precious metals and IRA related services through spam text messages directing recipients to call Goldco.

3.      Goldco sends these text messages using an autodialer without the necessary express written consent. Goldco sends constant spam text messages including to consumers whose phone numbers are registered on the DNC.

4.      In Plaintiff's case, although her cell phone number was registered on the DNC, Defendant sent her 3 autodialed text messages urging her to call Defendant about retirement savings.

5.      In response to these text messages, Plaintiff files this class action lawsuit seeking injunctive relief, requiring Goldco to cease sending unsolicited, autodialed text messages to consumers' cellular telephone numbers, and otherwise

telemarketing to phone numbers registered on the DNC, as well as an award of statutory damages to the members of the Classes.

## PARTIES

6.     Plaintiff Judson is a Smyrna, Tennessee resident.

7.     Defendant Goldco is a Delaware registered limited liability company with its head office located in Woodland Hills, California. Goldco does business throughout this District, California, and the United States.

## JURISDICTION AND VENUE

8.     This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

9.     This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District, and because the wrongful conduct giving rise to this case was directed from this District.

## COMMON ALLEGATIONS

### Goldco Sends Unsolicited Text Messages Using an Autodialer

10.     Goldco is open on its website about its use of an autodialer to send marketing text messages.[1]

---

[1] https://goldco.com/

11.     In sending the unsolicited text messages at issue, Defendant, or a third party acting on its behalf, used an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone number to be called, using a random or sequential number generator.  This is evident from the circumstances surrounding the text messages, including the ability to trigger an automated response by replying "STOP," the text messages' commercial and generic content, and that substantively identical texts were sent to multiple recipients, which is consistent with the use of an automatic telephone dialing system to send text messages.

12.     Defendant Goldco sent multiple unsolicited text messages to consumer's phone numbers, regardless of whether they were registered on the DNC.

13.     There are many online complaints regarding Goldco's unsolicited text messages to consumers:

- "Texts useless fear mongering non stop"[2]

- "Ponzi scheme targeting retirement accounts"[3]

- "May 16, 2019 – Text Message: US/China tariff war could bankrupt your retirement savings. Find out if you're at risk! Call Now 855-975-2233"[4]

---

[2] https://findwhocallsyou.com/8559572233?CallerInfo
[3] https://www.numberguru.com/phone/855/957/2233/
[4] *Id.*

- "Text about Ponzi scheme-spam"[5]

- "Got a text about losing my retirement and that I should call the number underneath."[6]

- "Got a text from this number about Ponzi scheme on retirement funds"[7]

- "Sending scam/spam text about Ponzi Scheme"[8]

- "Received text messages in ref to retirement savings at risk"[9]

- "Called. Then received text message about alert on retirement plan. Do not have retirement plan so must be phishing scam."[10]

14.     On its Better Business Bureau (BBB) page, an upset consumer posted about unsolicited text messages they were receiving, despite having their phone number registered on the DNC. Goldco acknowledged that the texts were seemingly sent without consent.

---

[5] *Id.*
[6] https://findwhocallsyou.com/8559572233?CallerInfo
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] https://whocallsme.com/Phone-Number.aspx/8559572233

CLASS ACTION COMPLAINT
-5-

**Desired Outcome**                                          03/05/2018

Want to know why they ignore federal laws & where they got my number from. I already
know they will say either "I subscribed or We didn"t do it. Same story all spammers use.

**Customer Response**                                        02/27/2018

Sends illegal text messages. Got illegal text messages from this
company. I am on the Do Not Call registry, so first they ignore first
federal law then they send illegal text messages. That is 2 Federal laws
they ignore. Why would anyone deal wit a company that knowingly
breaks federal laws.

**Goldco Response**                                          03/05/2018

We thank Mr. ******** for bringing this to the attention of Goldco. We take
these complaints of this nature very seriously and will be looking further
into it. Goldco feels it is important to note, that Mr. ******** is not currently,
nor has ever been a client of Goldco. Goldco never knowingly advertises
either directly, or indirectly using channels that violate any laws whether
federal or local. However, Goldco will be doing a full audit of all it's
internal and external marketing channels, vendors, and affiliates to try
and identify how Mr. ******** may have received marketing messages
from us.                                                                    11

15.    The consumer referenced above in the BBB complaint filed their

complaint in March of 2018, but despite this fact, Goldco has continued to send out

unsolicited text messages to consumers.

16.    If Goldco did in fact conduct a full audit of its internal and external

marketing channels, as was stated in response to the above BBB complaint by a

Goldco representative, consumers should not be receiving unsolicited text

messages a year after such an audit was done.

**Plaintiff Received Unsolicited Autodialed Text Messages
to Her CellPhone Despite Being on the DNC List**

17.    On June 24, 2009, Plaintiff Judson's cell phone number was registered

on the DNC in order to avoid receiving unwanted phone and text solicitations.

---

[11] https://www.bbb.org/us/ca/woodland-hills/profile/gold-buyers/goldco-1216-
100109958/complaints

18.    Plaintiff's cellular phone number is not associated with a business and is for personal use.

19.    On April 23, 2019 at 12:02 PM, Judson received an unsolicited, autodialed text message to her cell phone from Defendant, asking her to call 855-957-2233:



20.    When 855-957-2233 is called, the agents identify the company as being Goldco.

21.    On April 30, 2019 at 4:24 PM, Judson received a second unsolicited, autodialed text message from Defendant on her cellular phone, again asking her to call 855-957-2233:



22.     On May 13, 2019 at 12:42 PM, Judson received a third unsolicited, autodialed text message from Defendant on her cellular phone, again asking her to call 855-957-2233:



23.     Plaintiff has never had a relationship with Goldco and has never provided Goldco express written consent to contact her.

24.     The unauthorized text messages sent by Goldco, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Judson's use and enjoyment of her cellular phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

25.     Seeking redress for these injuries, Judson, on behalf of herself and two Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed text messages to cellular telephones, including solicitation text messages to phone numbers protected by the DNC.

# CLASS ALLEGATIONS

## Class Treatment Is Appropriate for Plaintiff's TCPA Claims

26.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Classes:

> **Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) text messaged, (2) on the person's cellular telephone number, (3) using a text messaging platform substantially similar to the text messaging platform Defendant used to text message Plaintiff, (4) for whom Defendant claims (a) it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to text message Plaintiff, or (b) it did not obtain prior express consent.

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) texted more than one time within any 12-month period, (2) on the person's residential telephone number, (3) where the person's telephone number had been listed on the DNC for at least thirty days, (4) for a substantially similar reason that Defendant texted Plaintiff, and (5) for whom Defendant claims (a) it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to text message Plaintiff, or (b) Defendant did not obtain prior express consent.

27.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or

former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

28.    **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

29.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) whether Defendant used an automatic telephone dialing system to send text messages to Plaintiff and the members of the Autodialed No Consent Class;

(b) whether Defendant sent unsolicited text messages to phone numbers registered on the DNC;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

30. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Classes.

31. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually

impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodial No Consent Class)**

32.     Plaintiff repeats and realleges paragraphs 1 through 32 of this Complaint and incorporates them by reference.

33.     Defendant and/or its agents sent unwanted solicitation text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using an autodialer.

34.     These solicitation text messages were sent *en masse* without the consent of the Plaintiff and the other members of the Autodialed No Consent Class to receive such solicitation text messages.

35.     Defendant's conduct was negligent, wilful, or knowing.

36.     Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to between $500 and $1,500 for each and every text message.

## SECOND CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Do Not Call Registry Class)

37.     Plaintiff repeats and realleges the paragraphs 1 through 32 of this Complaint and incorporates them by reference.

38.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

39.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[12]

40.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone

---

[12] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

41.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

42.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one phone call/text message in a 12-month period by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and are entitled to up to $1,500 per violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Judson, individually and on behalf of the Classes, prays for the following relief:

a)  An order certifying the Classes as defined above, and appointing Plaintiff as the representative of the Classes and her attorneys as Class Counsel;

b)  An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited texting activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Judson requests a jury trial.

Respectfully Submitted,

**JODI JUDSON**, individually and on behalf of those similarly situated individuals

Dated: August 6, 2019

*/s/ Rachel E. Kaufman*
Rachel E. Kaufman
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Classes*