# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JODI JUDSON,** individually and on behalf of all others similarly situated, | Case No. 2:19-cv-06798-PSG-PLA |
| *Plaintiff*, | **CLASS ACTION SETTLEMENT AGREEMENT** |
| *v.* | |
| **GOLDCO DIRECT, LLC,** a Delaware limited liability company, | Judge: Philip S. Gutierrez |
| *Defendant*. | Complaint filed: August 6, 2019 |

This Class Action Settlement Agreement ("Agreement"), is made and entered into by and between Representative Jodi Judson ("Representative Plaintiff"), on behalf of herself and the Settlement Class, and Defendant Goldco Direct, LLC ("Defendant") to settle and compromise this action and settle, resolve, and discharge the Released Claims, as defined below, according to the terms and conditions herein.

**RECITALS**

**WHEREAS**, *Judson v. Goldco Direct, LLC*, Case No. 2:19-cv-06798-PSG-PLA, was filed August 6, 2019 and is currently pending before the Honorable Philip S. Gutierrez of the U.S. District Court for the Central District of California, alleging Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*;

**WHEREAS**, Representative Plaintiff alleges receiving text messages sent by or on behalf of Defendant between October 2018 and August 2019;

**WHEREAS**, Representative Plaintiff alleges a claim for violation of 47 U.S.C. § 227(b)(1)(A)(iii) and a claim for violation of 47 C.F.R. § 64.1200(c);

**WHEREAS**, Defendant denies each and every one of Representative Plaintiff's allegations of unlawful conduct, damages, or other injuries;

**WHEREAS**, based upon the investigation, and evaluation of the facts and law relating to the matters alleged in the pleadings, motion practice to date, plus the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, Representative Plaintiff and Class Counsel have agreed to settle the claims asserted in the Litigation pursuant to the provisions of this Settlement;

**WHEREAS**, in an effort to facilitate a resolution of the Litigation and mediate settlement discussions, the Settling Parties participated in a full day mediation with Bruce A. Friedman of JAMS, Inc. followed by months of settlement negotiations facilitated by Mr. Friedman;

CLASS ACTION SETTLEMENT AGREEMENT
CASE NO. 2:19-CV-06798-PSG-PLA

**WHEREAS,** the Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims. This Agreement is inadmissible as evidence except to enforce the terms of the Agreement and is not an admission of wrongdoing or liability on the part of any Party to this Agreement;

**NOW THEREFORE**, subject to the Final Approval Order of the Court as required herein and applicable law and rules, the Settling Parties hereby agree, in consideration of the mutual promises and covenants contained herein, that all Released Claims against any Released Parties shall be settled, compromised and forever released upon the following terms and conditions.

## TERMS AND CONDITIONS OF THE SETTLEMENT

1.      **DEFINITIONS**

1.1      As used herein, the following terms have the meanings set forth below.

1.1.1  "Appeal" means a request for appellate review of any order or judgment of the Court entered in this Litigation, including but not limited to appeals as of right, discretionary appeals, interlocutory appeals, any order reinstating an appeal, and proceedings involving writs of certiorari and/or any proceedings thereon.

1.1.2  "Approved Claim" means a claim submitted by a Settlement Class Member that: (a) is received by the Settlement Administrator or postmarked on or before the Claims Deadline; (b) is fully and truthfully completed by a Settlement Class Member with all information requested in the Claim Form, and in accordance with the directions on the Claim Form; (c) is signed by the Settlement

- 3 -

Class Member, physically or electronically; and (d) is approved by the Settlement Administrator pursuant to the provisions of this Agreement as a valid claim eligible to receive payment from the Settlement Fund under the Agreement and the Final Approval Order and Judgment.

        1.1.3  "CAFA Notice" means the notice of this Settlement to the appropriate federal and state officials, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and as further described in Paragraph 7.4.

        1.1.4  "Claims Deadline" means a date established by the Court or otherwise defined herein that is approximately sixty (60) days after the Notice Date.

        1.1.5  "Claim Form" means the document to be submitted by Claimants seeking payment pursuant to this Settlement, attached hereto as Exhibit A.

        1.1.6  "Claimant" means a Settlement Class Member who submits a Claim Form.

        1.1.7  "Class Counsel" means Avi R. Kaufman and Rachel E. Kaufman of Kaufman P.A.

        1.1.8  "Court" means the U.S. District Court for the Central District of California.

        1.1.9  "Complaint" means the operative complaint in this Litigation at the time the Court enters the Preliminary Approval Order.

        1.1.10 "Defendant" means Goldco Direct, LLC, as well as their respective past, present, and future officers, directors, shareholders, employees,

CLASS ACTION SETTLEMENT AGREEMENT
CASE NO. 2:19-CV-06798-PSG-PLA

predecessors, affiliates, parents, subsidiaries, partners, distributors, principals, insurers, administrators, agents, servants, successors, trustees, vendors, subcontractors, alleged co-conspirators, buyers, independent contractors, attorneys, representatives, heirs, executors, experts, consultants, and assigns of all of the foregoing persons.

1.1.11 "Defense Counsel" means Defendant's counsel of record in the Litigation, Larson O'Brien LLP.

1.1.12 "Effective Date" means the first date by which any Judgment entered pursuant to the Agreement becomes Final.

1.1.13 "Fee Award" means the amount of attorneys' fees and reimbursement of expenses that may be awarded by the Court and that will be paid out of the Settlement Fund.

1.1.14 "Final" means one business day following the later of the following events: (i) the expiration of three (3) business days after the time to file a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to file an Appeal of any judgment entered pursuant to this Agreement has passed without any Appeal having been taken; and (iii) the resolution of any such Appeal in a manner that does not reverse or vacate the Judgment and in a manner that permits the consummation of the Settlement substantially in accordance with the terms and conditions of this Agreement.  Any proceeding or order, or any Appeal pertaining

solely to any request or order regarding the Fee Award will not in any way delay or preclude the Judgment from becoming Final.

1.1.15 "Final Approval Hearing" means the final hearing, held after the Preliminary Approval Order is issued and Settlement Class Members have been given reasonable notice and an opportunity to object or to exclude themselves from the Settlement, at which the Court will determine whether to finally approve the Settlement and to enter Judgment.

1.1.16 "Final Approval Order" means an order, providing for, among other things, final approval of the Settlement.

1.1.18 "Funding Date" shall mean fifteen (15) days after preliminary approval is granted to this Settlement.

1.1.19 "Judgment" means the judgment to be entered by the Court pursuant to the Settlement.

1.1.20 "Litigation" means *Judson v. Goldco Direct, LLC*, Case No. 2:19-cv-06798-PSG-PLA, currently pending in the U.S. District Court for the Central District of California.

1.1.21 "Mediator" shall mean Bruce A. Friedman of JAMS, Inc.

1.1.22 "Notice" means a document substantially in the form of Exhibit B hereto, and "Summary Notice" means a document substantially in the form of Exhibit C hereto, to be disseminated in accordance with the Preliminary Approval Order, informing Persons who fall within the Settlement Class of, among other

CLASS ACTION SETTLEMENT AGREEMENT
CASE NO. 2:19-CV-06798-PSG-PLA

things, the pendency of the Litigation, the material terms of the proposed Settlement, and their options with respect thereto.

1.1.23 "Notice Date" means the last date by which the Notice is first disseminated by mail and by email pursuant to the Notice Plan.

1.1.24 "Notice Plan" shall mean the proposed plan of disseminating to Settlement Class Members notice of the proposed Settlement and of the Final Approval Hearing, as approved by the Court.

1.1.25 "Opt-Out Deadline" means a date established by the Court or otherwise defined herein that is approximately (60) days after the Notice Date.

1.1.26 "Parties" means, collectively, Representative Plaintiff and Defendant.

1.1.27 "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity, and such individual's or entity's spouse, heirs, predecessors, successors, representatives, and assignees.

1.1.28 "Preliminary Approval Order" means an order, providing for, among other things, preliminary approval of the Settlement and dissemination of the Notice to the Settlement Class according to the Notice Plan.

1.1.29 "Released Claims" shall mean any and all claims, liabilities, demands, causes of action, or lawsuits of the Settlement Class Members, whether known or unknown, whether legal, statutory, equitable, or of any other type or form,

whether under federal, state, or local law (such as any violations of the Telephone Consumer Protection Act, 47 USC § 227, the FCC's related regulations—including Do Not Call requirements, or unfair or deceptive practices act), and whether brought in an individual, representative, or any other capacity, (a) that were brought in the Litigation or could have been brought under state or local laws similar to the Telephone Consumer Protection Act, (b) that arise from the manner in which text messages were sent, or attempted to be sent, by or on behalf of Defendant, (c) that arise from a lack of consent for sending text messages, or (d) that arise from the sending, or attempted sending, of text messages by or on behalf of Defendant to telephone numbers registered on any federal or state do not call list, within the four years preceding August 6, 2019.

1.1.30 "Released Parties" means Defendant and any past, present, and future corporate parent, buyers, subsidiary, or affiliated entities, along with each of their current, former, and future owners, principals, members, partners, officers, directors, shareholders, employees, agents, trustees, administrators, marketers, vendors, contractors, subcontractors, assigns, successors, servants, insurers, representatives, and attorneys.

1.1.31 "Releasing Parties" means: (a) Representative Plaintiff, her present, former, and future spouses as well as present, former, and future heirs, executors, trustees, estates, administrators, agents, attorneys, partners, successors in interest, predecessors, and assigns and personal representatives of any of the foregoing; (b) Settlement Class Members who do not timely opt out of the Settlement

Class; (c) to the extent that a Settlement Class Member is not an individual, all of its present, former, and future predecessors, successors, trustees, administrators, assigns, parents, subsidiaries, joint ventures, and affiliates, and all employees, agents, representatives, consultants, independent contractors, insurers, directors, officers, partners, principals, members, attorneys, accountants, financial advisors, investors, investment bankers, underwriters, shareholders, lenders, and auditors of any of the foregoing Persons; and (d) to the extent the Settlement Class Member is an individual, any present, former, and future spouses, as well as the present, former, and future heirs, executors, trustees, estates, administrators, representatives, agents, attorneys, partners, successors, predecessors, and assigns of each of them, and any other representatives of any of the foregoing Persons.

   1.1.32 "Representative Plaintiff" means Plaintiff Jodi Judson.

   1.1.32 "Service Award" means the amount paid to the Representative Plaintiff for service as the Representative Plaintiff.

   1.1.33 "Settlement" means the settlement set forth in this Agreement.

   1.1.34 "Settlement Administration Expenses" means the expenses incurred by the Settlement Administrator in providing notice, processing claims, administering the Settlement, and mailing checks for Approved Claims.  Settlement Administration Expenses shall be paid exclusively from the Settlement Fund.

   1.1.35 "Settlement Administrator" means Angeion Group.

   1.1.36 "Settlement Class" means all persons within the United States who (a) received one or more text messages sent by or on behalf of Defendant with

CLASS ACTION SETTLEMENT AGREEMENT
CASE NO. 2:19-CV-06798-PSG-PLA

the following content: (i) "URGENT Your retirement savings is at risk from $9 TRILLION ponzi scheme.  Learn how to protect yourself today.  Call Now: 855-957-2233 Text STOP 2 stop," (ii) "$9 TRILLION ponzi scheme going after retirement accounts.  Call to find out if your retirement savings is at risk! Call Now: 855-957-2233 Text STOP 2 stop," and (iii) "US/China tariff war could bankrupt your retirement savings. Find out if you're at risk! Call Now: 855-957-2233 Text STOP 2 stop"; (b) on their cellular telephone numbers; (c) that were registered on the National Do Not Call Registry more than 30 days before receiving any of the text messages; and (e) who are on the class list.  Excluded from the Settlement Class are: (1) the Judge presiding over this action (or the Judge or Magistrate presiding over the action through which this matter is presented for settlement), and members of their families; (2) the Defendant, Defendant's respective subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded person(s).

   1.1.37 "Settlement Class Member" means a person who falls within the definition of the Settlement Class and who does not opt out of the Settlement as set forth in Paragraph 10.4.

   1.1.38 "Settlement Class Period" means within four years of August 6, 2019 through the date of preliminary approval.

1.1.39 "Settlement Class Recovery" means the amount of the Settlement Fund available for distribution to the Settlement Class, after payment of Settlement Administration Expenses, any Fee Award to Class Counsel, and any approved Service Award to the Representative Plaintiff.

1.1.40 "Settlement Fund" means a common fund which Defendant will cause to be created of $1,500,000. The common fund will be non-reversionary and represent the maximum possible payment ("Maximum Payment") for all payments for (a) Class Members, (b) administrative expenses, including notice, (c) Representative Plaintiff's attorneys' fees and costs, and (d) Representative Plaintiff's incentive award.

1.1.41 "Settling Parties" means, collectively, Defendant, Representative Plaintiff, and all Settlement Class Members.

1.1.42 The plural of any defined term includes the singular, and the singular of any defined term includes the plural.

## 2.    DENIAL OF WRONGDOING AND LIABILITY

2.1    Defendant denies the material factual allegations and legal claims asserted by Representative Plaintiff in the Litigation, including any and all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.   Further, Defendant maintains that it has strong, meritorious defenses to the claims alleged in the Litigation and that it was prepared to vigorously defend all aspects of the Litigation.

2.2    Defendant's Position on Conditional Certification of the Settlement Class.  Defendant disputes that a class would be manageable or that common issues predominate over individual ones, and denies that a litigation class properly could be certified on the claims asserted in the Litigation. However, solely for purposes of avoiding the expense and inconvenience of further litigation, Defendant does not oppose and hereby agrees to certification of the Settlement Class defined in Paragraph 1.1.36, for settlement purposes only, pursuant to Fed. R. Civ. P. 23(b)(3). Certification of the Settlement Class for settlement purposes will not be deemed a concession that certification of any litigation class in the Litigation is, or was, appropriate, nor would Defendant be precluded from challenging class certification in further proceedings in the Litigation or in any other action if the Settlement is not finalized or finally approved.  If the Settlement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class resulting from this Agreement will be void, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings involving Defendant.  No agreements made by or entered into by Defendant in connection with the Settlement may be used by Plaintiff, any person in the Settlement Class or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Litigation, or any other judicial proceeding.

2.3    Admissibility. Additionally, this Agreement, any negotiations or proceedings related to it, the implementation of it, and any papers submitted in support of the motions for approval of it (collectively, the "Settlement Proceedings")

- 12 -

are not to be construed as or deemed to be evidence of any admission or concession by any of the Parties regarding liability, damages, or the appropriateness of class treatment, and are not to be offered or received in evidence in any action or proceeding for any purpose whatsoever; provided, however, that this Agreement and the Settlement Proceedings may be presented to the Court in connection with the implementation or enforcement of this Agreement, or as may be necessary or appropriate to further the purposes sought to be achieved by this Agreement.

**3.      THE BENEFITS OF SETTLEMENT**

3.1      Class Counsel and Representative Plaintiff recognize and acknowledge the expense and length of continued proceedings that would be necessary to prosecute the Litigation against Defendant through trial and appeals. Class Counsel also has taken into account the strength of Defendant's defenses, Defendant's financial condition, difficulties in proving liability, and the uncertain outcome and risk of the litigation, especially in complex actions such as this one, and the inherent delays in such litigation.  Class Counsel believes that the proposed Settlement confers substantial benefits upon the Settlement Class. Based on their evaluation of all of these factors, Representative Plaintiff and Class Counsel have determined that the Settlement is in the best interests of Representative Plaintiff and the Settlement Class.

**4.      SETTLEMENT TERMS**

4.1      Settlement Fund:  Defendant will cause to be created a Settlement Fund in the amount of One Million Five Hundred Thousand Dollars ($1,500,000)

CLASS ACTION SETTLEMENT AGREEMENT
CASE NO. 2:19-CV-06798-PSG-PLA

for the purpose of making all required payments under this Settlement, including payments associated with the CAFA Notice, for Approved Claims, any approved Fee Award, any approved Service Award for Representative Plaintiff, and the costs of reasonable class notice and class administration. The Parties agree Defendant's maximum monetary obligation under this Agreement shall not exceed $1,500,000. Before or on the Funding Date Defendant shall place in a non-interest-bearing escrow account ("Escrow Account") the full Settlement Fund amount of $1,500,000 pursuant to the instructions of the Settlement Administrator. Upon payment of the full $1,500,000, Defendant and the Released Parties' payment obligations under this Agreement shall be deemed to have been fully satisfied.

4.2     The Settlement Fund shall be a Qualified Settlement Fund (QSF) under Section 468B of the Internal Revenue Code and 26 C.F.R. § 1.468B-1, established pursuant to the Preliminary Approval Order. The Settlement Administrator shall be the Administrator of the QSF.

4.3     Defendant further agrees that it will not make any telemarketing calls or send any telemarketing text messages for a period of two years to any Settlement Class Member without obtaining prior express written consent or without a TCPA acceptable explanation.

4.4     Payment to Settlement Class Members

4.4.1  Each Settlement Class Member shall be entitled to submit one claim per telephone number he or she used or subscribed to.

CLASS ACTION SETTLEMENT AGREEMENT
CASE NO. 2:19-CV-06798-PSG-PLA

4.4.2   Adequate and customary procedures and standards will be used by the Settlement Administrator to prevent the payment of fraudulent claims and to pay only legitimate claims, including, but not limited to, verifying claimed text messages with information provided by the Parties.

4.4.3   Payment will be made to Settlement Class Members who timely submit a valid Claim Form by the Claims Deadline after any approved attorneys' fees, expenses, and costs, any approved Representative Plaintiff Service Award for Representative Plaintiff, and costs of reasonable class notice and class administration are deducted from the Settlement Fund.

4.4.4   Each Settlement Class Member who timely submits a valid Claim Form by the Claims Deadline shall be entitled to a single payment in an amount equivalent to his or her *pro rata* share of the Settlement Fund after any approved Fee Award, any approved Service Award, and Settlement Administration Expenses are deducted.  Each Settlement Class Member shall be entitled to receive an amount equal to the Settlement Class Recovery divided by the total number of Approved Claims.

4.4.5   Payments will be made directly to the Settlement Class Member by the Settlement Administrator.

**5.      REPRESENTATIVE PLAINTIFF SERVICE AWARD**

5.1      Class Counsel, on behalf of Representative Plaintiff, shall petition the Court for a Representative Plaintiff Service Award.  In the event the Court approves the Settlement, but declines to award a Representative Plaintiff service award in the

amount requested by Class Counsel, the Settlement will nevertheless be binding on the Parties and all Settlement Class Members.

5.2     The Service Award, in the amount approved by the Court shall be paid solely out of the Settlement Fund within thirty (30) calendar days of the Effective Date, and shall not increase Defendant's total financial liability with respect to this Agreement or Settlement.  The recipient of the Service Award, if any, shall be responsible for providing a form W-9 to the Settlement Administrator prior to payment.

5.3     Defendant shall have no liability to Representative Plaintiff or any other Person arising from any claim regarding payment of any incentive award, so long as Defendant complies with its obligations under this Agreement.

**6.     ATTORNEYS' FEES, EXPENSES, AND COSTS**

6.1     Class Counsel shall apply to the Court for attorneys' fees and documented and reasonable expenses and costs.  Class Counsel's application for fees, expenses, and costs and the request for an incentive award shall be filed no later than thirty-five (35) days prior to the Opt-Out Deadline.  Any Fee Award approved by the Court shall be paid solely out of the Settlement Fund and shall not increase Defendant's total financial liability with respect to this Agreement or Settlement.

6.2     In the event the Court approves the Settlement, but declines to award a Fee Award in the amount requested by Class Counsel, the Settlement will nevertheless be binding on the Parties and the Settlement Class Members.

- 16 -

6.3     Defendant shall have no liability to Class Counsel or any other Person arising from any claim regarding the division of any award of attorneys' fees, expenses, and costs between and among Class Counsel or any other counsel who may claim entitlement to any portion of the Fee Award.

6.4     The Fee Award, if approved by the Court, shall be paid by wire transfer from the Settlement Fund within ten (10) calendar days following the Effective Date, provided that the law firm(s) or attorney(s) being paid has executed a Form W-9 to the Settlement Administrator.  The Fee Award shall be paid from the Settlement Fund, and Defendant shall have no additional obligation to pay for attorneys' fees, costs and/or expenses of any kind.

6.5     The Court shall retain jurisdiction of any dispute regarding the Fee Award and any repayment of any amount of the Fee Award.

**7.     ADMINISTRATION AND NOTICE**

7.1     All costs and expenses of administering the Settlement and providing reasonable Notice in accordance with the Preliminary Approval Order shall be paid out of the Settlement Fund, including the cost of CAFA Notice.

7.2     Responsibilities of Settlement Administrator

7.2.1   The Settlement Administrator will facilitate the notice process by assisting the Parties in the implementation of the Notice Plan, as well as CAFA Notice.

7.3     Class Settlement Website

7.3.1   The Settlement Administrator will create and maintain the Class Settlement Website, to be activated within thirty (30) days of Preliminary Approval. The Settlement Administrator's responsibilities will also include securing an appropriate URL to be agreed upon by the Parties. The Class Settlement Website will contain information about the Settlement and case-related documents such as the Settlement Agreement, the Long-Form Notice in the form attached hereto as Exhibit B, subject to Court modification and/or approval, the Claim Form, and the Preliminary Approval Order.  Settlement Class Members shall have the option to file a claim electronically using the Class Settlement Website.

7.3.2   The Class Settlement Website will terminate (be removed from the internet) and no longer be maintained by the Settlement Administrator thirty (30) days after either (a) the Effective Date or (b) the date on which the Settlement Agreement is terminated or otherwise not approved in full, if the Settlement is terminated or otherwise not approved in full. The Settlement Administrator will then transfer ownership of the URL to Defendant.  The Settlement Administrator

may destroy documents generated in the administration of the Settlement one year after the void date on settlement checks.

7.3.3   All costs and expenses related to the Class Settlement Website shall be paid out of the Settlement Fund.

7.4      CAFA Notice

7.4.1   The Parties agree that the Settlement Administrator shall serve notice of the settlement that meets the requirements of CAFA, 28 U.S.C. § 1715, on the appropriate federal and state officials no later than 10 days after the filing of this Settlement Agreement with the Court.

7.4.2   All costs and expenses related to the CAFA Notice shall be paid out of the Settlement Fund.

7.4.3   The Settlement Administrator will file a certification with the Court stating the date(s) on which the CAFA Notices were sent.  Each Party will provide the other Parties with any substantive responses received in response to any CAFA Notice.

7.5      Notice Plan

7.5.1   The Notice shall conform to all applicable requirements of the Federal Rules of Civil Procedure, the U.S. Constitution (including the Due Process Clauses), Cal. Civ. Code § 1781, and any other applicable law, and shall otherwise be in the manner and form agreed upon by the Parties and approved by the Court.

7.5.2   Defendant shall provide the telephone numbers, names, addresses, and email addresses that it maintains for all Settlement Class Members

to the Settlement Administrator within ten (10) calendar days after the Court enters the Preliminary Approval Order.

7.5.3   Subject to Court approval, within thirty (30) days after the Court enters the Preliminary Approval Order, the Settlement Administrator shall send direct notice substantially in the form of the Summary Notice in Exhibit C, as modified and/or approved by the Court, via U.S. Postal Service, to the Settlement Class Members.

7.5.4   Subject to Court approval, within thirty (30) days after the Court enters the Preliminary Approval Order, the Settlement Administrator shall publish a one-time notice of the settlement in a magazine, website, or through targeted social media ads to be agreed upon by the Parties substantially in the form of the Summary Notice in Exhibit C.  All costs and expenses related to the publication shall be paid out of the Settlement Fund.

## 8.   CLAIMS PROCESS

8.1   Submission of Claims.  Settlement Class Members must timely submit, by mail or online, a valid Claim Form substantially in the form attached as Exhibit A, as modified and/or approved by the Court, by the Claims Deadline.  All Claim Forms must be postmarked or submitted to the Settlement Administrator, either in hard copy form or electronically via the Settlement Website, by the Claims Deadline.  A valid Claim Form means a Claim Form containing all required information and which is signed by the claimant and is timely submitted.  Any Claim Form which is not timely submitted shall be denied.  In the event a

CLASS ACTION SETTLEMENT AGREEMENT
CASE NO. 2:19-CV-06798-PSG-PLA

Settlement Class Member submits a Claim Form by the Claims Deadline but the Claim Form is not complete, then the Settlement Administrator shall give such Settlement Class Member a reasonable opportunity to provide any requested missing information.  For any Class Member who submits a Claim Form determined by the Settlement Administrator to be incomplete, the Settlement Administrator may mail a notice directly to such Class Member, notifying him or her of the missing information and providing him or her with an opportunity to cure (the "Cure Notice").  Class Members must cure incomplete claims on or before the Effective Date.

8.2     Claims Processing.  The Settlement Administrator shall apply the terms of this Settlement Agreement and the requirements set forth in the Claim Form, and any Claim Form submitted that does not meet the requirements of this Agreement is not eligible to be an Approved Claim. The Settlement Administrator also shall employ reasonable procedures to screen claims for abuse, fraud, or duplication, and shall deny Claim Forms where there is evidence of abuse, fraud, or duplication.  The Settlement Administrator's decisions regarding the Settlement Class Members' eligibility for a claims payment shall be final.  The Parties, the Released Parties, and their respective counsel shall have no responsibility or liability whatsoever for the Settlement Administrator's conduct, omissions, or actions.

8.3     Payment of Claims.  Within sixty (60) days after the Effective Date, or such other date as the Court may set, the Settlement Administrator shall pay from

CLASS ACTION SETTLEMENT AGREEMENT
CASE NO. 2:19-CV-06798-PSG-PLA

the Settlement Fund all Approved Claims by check made payable to the Settlement Class Member submitting each Approved Claim, and shall mail the checks via first-class mail.

8.4    All payments to Settlement Class Members via check will state on the face of the check that the check will expire and become null and void unless cashed within one hundred eighty (180) days after the date of issuance.  To the extent that any checks to Settlement Class Members expire and become null and void, the Settlement Administrator shall distribute the funds associated with those checks on a *pro rata* basis to Settlement Class Members who submitted an Approved Claim and who cashed their checks, if doing so is administratively and economically feasible (i.e., those Settlement Class Members would receive a second distribution of more than $5 after costs of administration).  Any remaining monies, including to the extent a second distribution is not administratively feasible, shall escheat to the applicable state.

8.5    No decisions by the Settlement Administrator shall be deemed to constitute a finding, admission, or waiver by Defendant as to any matter of fact, law, or evidence having any collateral effect on any Claim hereunder or in any other proceeding or before any other forum or authority.  Further, such decisions shall not be submitted to or admissible in any other proceeding or before any other forum or authority.

**9.     RELEASES**

9.1     Upon entry of the Judgment, Representative Plaintiff and each Settlement Class Member will be deemed to have, and by operation of the Judgment will have, fully, finally, and forever released, relinquished, and discharged the Released Parties from all Released Claims against the Released Parties.

9.2     After entering into this Settlement Agreement, Representative Plaintiff or Settlement Class Members may discover facts other than, different from, or in addition to, those that they know or believe to be true with respect to the Released Claims.  Representative Plaintiff and Settlement Class Members expressly waive and fully, finally, and forever settle and release any known or unknown, suspected or unsuspected, contingent or noncontingent claim, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such other, different, or additional facts.

9.3     With respect to the Released Claims, all Settlement Class Members expressly waive and relinquish any rights or benefits available to them under California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

9.4     Notwithstanding Section 1542 of the California Civil Code, or any other federal or state statute or rule of law of similar effect, this Settlement

Agreement shall be given full force and effect according to each and all of its terms and provisions, including those related to any unknown or unsuspected claims, liabilities, demands, or causes of action which are based on, arise from, or are in any way connected with the Released Claims.

9.5    Upon entry of the Final Approval Order, Representative Plaintiff, and any Settlement Class Member who does not Opt Out as set forth in Paragraph 11.4 is hereby barred against bringing any action against any of the Released Parties for any of the Released Claims. Additionally, Representative Plaintiff and Settlement Class Members agree and covenant, and each Settlement Class member will be deemed to have agreed and covenanted, not to sue any of the Released Parties with respect to any of the Released Claims, or otherwise assist others in doing so, and agree to be forever barred from doing so, in any court of law, equity, or any other forum.

**10.    APPROVAL PROCESS**

10.1    Court Approval

10.1.1 Class Counsel shall submit the Agreement together with its Exhibits to the Court and request that the Court grant preliminary approval of the Settlement, issue a Preliminary Approval Order, and schedule a hearing on whether the Settlement should be granted final approval (collectively, "Motion for Preliminary Approval").

10.1.2 In the Motion for Preliminary Approval, Class Counsel shall request that the Court allow for a period of no less than ninety (90) days between entry of the Preliminary Approval Order and the Final Approval Hearing and that

CLASS ACTION SETTLEMENT AGREEMENT
CASE NO. 2:19-CV-06798-PSG-PLA

the Court schedule a Final Approval Hearing for a date approximately one hundred and twenty (120) days from entry of the Preliminary Approval Order.

10.1.3 The date the Motion for Preliminary Approval is filed is the date by which the Settlement shall be deemed "filed" within the meaning of 28 U.S.C. § 1715.

10.1.4 If the Motion for Preliminary Approval is granted, Class Counsel shall be responsible for asking the Court to grant final approval of the Settlement and to enter a Final Approval Order and Judgment, in accordance with the date set by the Court for the Final Approval Hearing.

10.1.5 If the Court does not enter a Preliminary Approval Order or a Final Approval Order and Judgment or if the Final Approval Order is reversed or vacated, by any court, this Agreement shall terminate and be of no force or effect, except as otherwise set forth in this Agreement, unless the Parties voluntarily agree to modify this Agreement in the manner necessary to obtain Court approval.  If this Agreement is terminated, any portion of the Settlement Fund remaining, shall be returned to Defendant.  Notwithstanding any provision of this Agreement, the Parties agree that any decision by any court as to any Fee Award to Class Counsel or any Service Award to the Representative Plaintiff, described in Paragraphs 5.1 and 6.1 above, including any decision by any court to award less than the amounts sought, shall not prevent the Agreement from becoming effective, prevent Final Approval Order and Judgment from being entered, or provide any grounds for termination of the Agreement or the Settlement.

10.2      Procedures for Objecting to the Settlement

10.2.1 Settlement Class Members shall have the right to appear and show cause, if they have any reason why the terms of this Agreement should not be given final approval, subject to each of the sub-provisions contained in this section. Any objection to this Settlement Agreement, including any of its terms or provisions, must be in writing, filed with the Court or mailed to the Clerk's Office of the United States District Court for the Central District of California, First Street Courthouse, 350 West 1st St., Los Angeles, CA 90012 by no later than the Opt-Out Deadline.  Settlement Class Members may object either on their own or through an attorney hired at their own expense.

10.2.2 Any objection regarding or related to the Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Judson v. Goldco Direct, LLC*, Case No. 2:19-cv-06798-PSG-PLA" and also shall contain the following information: (i) the objector's name, address, and telephone number; (ii) the name, address, and telephone number of any attorney for the objector with respect to the objection; (iii) the factual basis and legal grounds for the objection, including any documents sufficient to establish the basis for his or her standing as a Settlement Class Member, including the phone number(s) at which he or she received text(s) covered by this Settlement; and (iv) identification of the case name, case number, and court for any prior class action lawsuit in which the objector and the objector's attorney (if applicable) has objected to a proposed class action settlement. If an objecting party chooses to appear at the

CLASS ACTION SETTLEMENT AGREEMENT
CASE NO. 2:19-CV-06798-PSG-PLA

hearing, no later than the Opt-Out Deadline, a notice of intention to appear, either

in person or through an attorney, must be filed with the Court and list the name,

address, and telephone number of the person and attorney, if any, who will appear.

10.2.3 A Settlement Class Member who appears at the Final Approval

Hearing, either personally or through counsel, may be permitted to argue only those

matters that were set forth in the timely and validly submitted written objection

filed by such Settlement Class Member.  No Settlement Class Member shall be

permitted to raise matters at the Final Approval Hearing that the Settlement Class

Member could have raised in his/her written objection, but failed to do so, and all

objections to the Settlement Agreement that are not set forth in a timely and validly

submitted written objection will be deemed waived.

10.2.4 If a Settlement Class Member wishes to present witnesses or

evidence at the Final Approval Hearing in support of a timely and validly submitted

objection, all witnesses must be identified in the objection, and true and correct

copies of all supporting evidence must be appended to, or filed and served with, the

objection.  Failure to identify witnesses or provide copies of supporting evidence in

this manner waives any right to introduce such testimony or evidence at the Final

Approval Hearing.  Representative Plaintiff or Defendant or both may take

discovery regarding any objector, their attorney (if applicable), and the basis of any

objection, subject to Court approval.

10.2.5 Any Settlement Class Member who fails to comply with the

applicable provisions of the preceding paragraphs concerning their objection shall

waive and forfeit any and all rights he or she may have to object, appear, present witness testimony, and/or submit evidence, shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Approval Hearing, shall be precluded from seeking review of this Agreement by appeal or other means, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments in the Litigation.  By filing an objection, objectors and their counsel submit to the jurisdiction of the Court for all purposes, including but not limited to subpoenas and discovery.

10.3     Right to Respond to Objections

10.3.1 Class Counsel and the Parties shall have the right, but not the obligation, to respond to any objection no later than seven (7) days prior to the Final Approval Hearing. The Settling Party so responding shall file a copy of the response with the Court, and shall serve a copy, by hand or overnight delivery, to the objector (or counsel for the objector).

10.4     Opt Outs

10.4.1 Any Settlement Class Member who does not wish to participate in this Settlement must write to the Settlement Administrator stating an intention to be "excluded" from this Settlement.  This written request for exclusion must be sent via first class United States mail to the Settlement Administrator at the address set forth in the Notice and postmarked no later than the Opt-Out Deadline.  A request for exclusion must be signed by the Settlement Class Member, and must include the Settlement Class Member's name, address, and the telephone number that allegedly

received text messages sent by or on behalf of Defendant during the Settlement Class Period, and must clearly state that the Person wishes to be excluded from the Litigation and the Agreement.  A request for exclusion that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person serving such a request shall be a member of the Settlement Class and shall be bound as a Settlement Class Member by the Court's Orders in this Litigation and by this Agreement, if approved.  The request for exclusion must be personally signed by the Settlement Class Member.   So-called "mass" or "class" opt-outs shall not be allowed.

10.4.2 Any Person in the Settlement Class who submits a request for exclusion may not file an objection to the Settlement.  If a Settlement Class Member submits a written request for exclusion pursuant to Paragraph 10.4.1 above, he or she shall be deemed to have complied with the terms of the opt-out procedure and shall not be bound by the Agreement if approved by the Court.

10.4.3 After Notice is disseminated and at least fifteen (15) days prior to the Final Approval Hearing, the Parties shall request and seek to obtain from the Court a Final Approval Order and Judgment, which will (among other things):

      (i)     find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject-matter jurisdiction to approve the Agreement, including all exhibits hereto;

(ii)    approve the Settlement Agreement and the proposed Settlement as fair, reasonable, and adequate as to, and in the best interests of, Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have preclusive effect on all pending and future lawsuits or other proceedings maintained by or on behalf of Representative Plaintiff and the Releasing Parties;

(iii)   find that the Notice and the Notice Plan implemented pursuant to the Agreement (1) constitute the best practicable notice under the circumstances; (2) constitute notice that is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Litigation, their right to object to or exclude themselves from the proposed Settlement, and to appear at the Final Approval Hearing; (3) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice; and (4) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

(iv)   dismiss the Action (including all individual claims and Settlement Class Member claims asserted therein) on the merits

- 30 -

and with prejudice, without fees or costs to any Party, except as provided in the Settlement Agreement; incorporate the releases set forth above in Section 9, make those releases effective as of the date of the Final Approval Order and Judgment; and

(v)     forever discharge the Released Parties as set forth herein; permanently bar and enjoin all Settlement Class Members from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction related to the Released Claims.

10.4.4. Notwithstanding anything else in this Agreement, in the event the total number of opt outs exceeds 1,300, Defendant shall have the right—at its sole discretion—to terminate this agreement and return the parties to the status quo pursuant to Paragraph 12.4 below, upon written notice given within seven business days of the Opt Out deadline.

## 11.    TAXES

11.1    Settlement Class Members, Representative Plaintiff, and Class Counsel shall be responsible for paying any and all federal, state, and local taxes due on any payments made to them pursuant to the Settlement Agreement.

11.2    Qualified Settlement Fund.  The Parties agree that the Escrow Account into which the Settlement Fund is deposited is intended to be and will at all times constitute a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1. The Claims Administrator will timely make such elections as necessary,

CLASS ACTION SETTLEMENT AGREEMENT
CASE NO. 2:19-CV-06798-PSG-PLA

including if necessary, the "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date. Such elections must be made in compliance with the procedures and requirements contained in such Treasury regulations promulgated under § 1.468B of the Internal Revenue Code of 1986, as amended (the "Code"). It is the responsibility of the Claims Administrator to cause the timely and proper preparation and delivery of the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

11.2   Claims Administrator is "Administrator."   For the purpose of § 1.468B of the Code and the Treasury regulations thereunder, the Claims Administrator must be designated as the "administrator" of the Settlement Fund. The Claims Administrator must cause to be timely and properly filed all information and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B2(k)). Such returns must reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the Settlement Fund will be paid out of the Settlement Fund.

11.3   Taxes Paid By Administrator.  All taxes arising in connection with income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendant or any of the other Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or

CLASS ACTION SETTLEMENT AGREEMENT
CASE NO. 2:19-CV-06798-PSG-PLA

state income tax purposes, will be paid by the Settlement Fund.

11.4    Expenses Paid from Fund.  Any expenses reasonably incurred by the Claims Administrator in carrying out the duties, including fees of tax attorneys and accountants, will be paid from the Settlement Fund.

11.5    Responsibility for Taxes on Distribution.  Any person or entity that receives a distribution from the Settlement Fund will be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution. Such taxes and tax-related expenses will not be paid from the Settlement Fund.

11.6    Defendant is Not Responsible.  In no event will Defendant or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Fund to Representative Plaintiff, Settlement Class Members, Class Counsel or any other person or entity. The Settlement Class Members shall indemnify and hold Defendant and other Released Parties harmless—through the Settlement Fund— for all such taxes and tax-related expenses.

## 12.    CONDITIONS FOR EFFECTIVE DATE; TERMINATION

12.1    The Effective Date of this Agreement shall be the date the Judgment has become Final, as defined in Paragraph 1.1.14.

12.2    Performance of the obligations set forth in this Agreement is subject to all of the following material conditions:

CLASS ACTION SETTLEMENT AGREEMENT
CASE NO. 2:19-CV-06798-PSG-PLA

(A)    execution of this Agreement by Defendant, Representative Plaintiff, and Class Counsel.

(B)    the granting of preliminary approval by the Court.

(C)    sending of the notices described herein.

(D)    the granting of final approval by the Court.

(E)    execution and entry of Judgment by the Court.

(F)    the occurrence of all other circumstances necessary for the Effective Date to arise.

12.3    The Parties hereby covenant and agree to cooperate reasonably and in good faith for the purpose of achieving occurrence of the conditions set forth above, including, without limitation, timely filing of all motions, papers and evidence necessary to do so, and refraining from causing or encouraging directly or indirectly any appeal or petition for writ proceedings by third parties seeking review of any order contemplated by this Agreement. Class Counsel represent and warrant that they have authority to take all such actions required of them pursuant to this Agreement, and that by doing so they are not in breach or violation of any agreement with Class Plaintiff or any third party.

12.4    If this Agreement is not approved by the Court or the Settlement is terminated or fails to become effective in accordance with the terms of this Agreement, the Settling Parties will be restored to their respective positions in the Litigation as of October 16, 2020.  In such event, the terms and provisions of this Agreement will have no further force and effect with respect to the Settling Parties

and will not be used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Agreement will be treated as vacated.

12.5    The Parties agree to request a stay of the Litigation pending approval of the Settlement.

## 13.    MISCELLANEOUS PROVISIONS

13.1    Cooperation of the Parties:  The Parties acknowledge that it is their intent to consummate this Agreement, and they agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement. The Parties agree that they will not solicit, facilitate, or assist in any way, requests for exclusions or objections by putative or actual Settlement Class Members.  Class Counsel recognize that they have an obligation to support the Settlement and to seek the Court's approval of its terms.  Class Counsel will abide by all applicable and governing ethical rules, opinions, and obligations precluding their representation of opt-outs.

13.2    Resolution of Dispute without Admission:  The Parties intend the Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement covers claims that are contested and will not be deemed an admission by any Settling Party as to the merits of any claim or defense.

13.3    Use In Subsequent Proceedings:  Neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of Defendant; or is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal. Any party to this Litigation may file this Agreement and/or the Judgment in any action that may be brought against it in order to support any defense or counterclaim, including without limitation those based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.4    Confidential Information:  All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information will survive this Agreement.

13.5    Incorporation of Exhibits: Any and all Exhibits to this Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

13.6    Modification: This Agreement may be amended or modified only by (1) a written instrument signed by or on behalf of all Parties or their respective successors-in-interest, or (2) Court order.

13.7    Integration:  This Agreement and any Exhibits attached hereto constitute the entire agreement among the Parties, and no representations, warranties, or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties, and covenants covered and memorialized in such documents. Except as otherwise provided herein, the Parties will bear their own respective costs.

13.8    Class Counsel's Authority:  Class Counsel, on behalf of the Settlement Class, are expressly authorized by Representative Plaintiff to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Agreement to effectuate its terms, and are expressly authorized to enter into any modifications or amendments to this Agreement on behalf of the Settlement Class.

13.9    Parties' Authority:  Each counsel or other Person executing this Agreement or any of its Exhibits on behalf of any Party hereby warrants that such Person has the full authority to do so.

13.10   Counterparts:  This Agreement may be executed in one or more counterparts. All executed counterparts and each of them will be deemed to be one and the same instrument.

13.11   No Prior Assignments.  Representative Plaintiff and Class Counsel represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

13.12   Binding on Assigns:  This Agreement will be binding upon, and inure to the benefit of, the successors and assigns of the Parties and the Settlement Class Members.

13.13   Interpretation:  None of the Parties, or their respective counsel, will be deemed the drafter of this Agreement or its Exhibits for purposes of construing the provisions thereof. The language in all parts of this Agreement and its Exhibits will be interpreted according to its fair meaning, and will not be interpreted for or against any of the Parties as the drafter thereof.

13.14   Governing Law:  This Agreement and any Exhibits hereto will be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice-of-law principles.

13.15   The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

13.16   No Waiver:  The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

13.17   Publicity and Confidentiality.  Neither the Parties nor their counsel will initiate any public statement intended to be disseminated through the press, internet, television, radio, or other media that includes an opinion or editorial comment about the effect of the Settlement or the merits of any Parties' positions in the Litigation.  This provision does not apply to any communications between any

1

2   provision does not apply to any communications between any Settlement Class

3   member and Class Counsel or any communications with the Court.

4           IN WITNESS WHEREOF, the Parties have executed this Agreement.

5   Dated:  11-23-20

6

7

8

9   _____

10   On Behalf of Defendant Goldco Direct LLC

11

12   Dated:

13

14

15

16   _____

17   Jodi Judson

18

19   Dated:

20

21

22

23   _____

24   On Behalf of Kaufman, P.A.

25

26

27

28
                                39

Settlement Class member and Class Counsel or any communications with the Court.

IN WITNESS WHEREOF, the Parties have executed this Agreement.

| Dated: | |
| --- | --- |
| | _____ |
| | On Behalf of Defendant Goldco Direct LLC |
| Dated:   Nov 19, 2020 | |
| | *Jodi Judson* |
| | Jodi Judson (Nov 19, 2020 16:31 CST) |
| | Jodi Judson |
| Dated: 11/20/20 | |
| | _____ |
| | On Behalf of Kaufman, P.A. |

CLASS ACTION SETTLEMENT AGREEMENT
CASE NO. 2:19-CV-06798-PSG-PLA

# EXHIBIT A

## CLAIM FORM

| Section I - Instructions |
| --- |

This Form must be received by the Settlement Administrator no later than [Month] [Day], [Year].

This Claim Form may be submitted in one of three ways:
1. Electronically through www.[xxx].com.
2. Via email to [xxx]@[xxx].com. Please fill out the enclosed pages, scan the document in its entirety, and include the form as an attachment.
3. Mail to: Returning this claim form to the address that is pre-populated on the form.

To be effective as a Claim under the proposed settlement, this form must be completed, signed, and sent, as outlined above, **no later than [Month] [Day], [Year].** If this Form is not postmarked or received by this date, you will remain a member of the Settlement Class but will not receive any payment from the Settlement.

| Section II - Settlement Class Member Information |
| --- |

Claimant Name (Required):

Claimant Identification Number (Required):

**Current Contact Information**

**Street Address (Required):**

**City (Required):**                    **State (Required):**    **Zip Code (Required)**

Email (optional):

**Preferred Phone Number:**

*Your contact information will be used by the Settlement Administrator to contact you, if necessary, about your claim. Provision of your phone number is optional. By providing contact information, you agree that the Settlement Administrator may contact you about your claim.*

| Section III – Confirmation of Class Membership |
| --- |

Telephone Number(s) at which you received texts related to Goldco:

The telephone number identified above belonged to me during the class period:

Yes _____        No _____

## Section V – Required Affirmations

IF SUBMITTED ELECTRONICALLY:

☐ **I agree that, by submitting this Claim Form, the information in this Claim Form is true and correct to the best of my knowledge.  I understand that my Claim Form may be subject to audit, verification, and Court review.  I am aware that I can obtain a copy of the full notice and Settlement Agreement at www.[xxxx].com or by writing the Settlement Administrator at the email address [xxxx]@[xxxx].com or the postal address [Address] [City], [State] [Zip Code].  Checking this box constitutes my electronic signature on the date of its submission.**

IF SUBMITTED BY U.S. MAIL:

**I agree that, by submitting this Claim Form, the information in this Claim Form is true and correct to the best of my knowledge.  I understand that my Claim Form may be subject to audit, verification, and Court review.  I am aware that I can obtain a copy of the full notice and Settlement Agreement at www.[xxxx].com or by writing the Settlement Administrator at the email address [xxxx]@[xxxx].com or the postal address [Address] [City], [State] [Zip Code].**

Dated:_____     Signature: _____

**SETTLEMENT ADMINISTRATOR ADDRESS (*where to send the completed form if submitting by mail*):**
*Goldco Telemarketing Settlement*, c/o _____, [Address], [City] [State], [Zip Code]

# EXHIBIT B

UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA

# If You Received a Text Message from or on behalf of Goldco, You May be Entitled to a Payment from a Class Action Settlement.

- *A federal court authorized this notice. You are not being sued. This is not a solicitation from a lawyer* A Settlement[1] has been reached in a class action lawsuit about whether Goldco Direct, LLC violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by sending text messages using an automatic telephone dialing system and/or to telephone numbers listed on the National Do Not Call Registry. Goldco denies the allegations in the lawsuit and the Court has not decided who is right.

- The Settlement offers payments to Settlement Class Members who file valid Claims.

- Your legal rights are affected whether you act or do not act.  Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | If you are a member of the Settlement Class, you must submit a completed Claim Form to receive a payment. If the Court approves the Settlement and it becomes final and effective, and you remain in the Settlement Class, you will receive your payment by check. |
| **EXCLUDE YOURSELF** | You may request to be excluded from the Settlement and if you do, you will receive no benefits from the Settlement. |
| **OBJECT** | Write to the Court if you do not like the Settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | You will not receive a payment if you fail to timely submit a completed Claim Form, and you will give up your right to bring your own lawsuit against Goldco about the claims in this case. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.  If it does, and after any appeals are resolved, benefits will be distributed to those who submit qualifying Claim Forms.  Please be patient.

---

[1] Capitalized terms herein have the same meanings as those defined in the Settlement Agreement.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**..........................................................................................................**PAGE 3**
     1. Why is there a notice?
     2. What is this litigation about?
     3. What is the Telephone Consumer Protection Act?
     4. Why is this a class action?
     5. Why is there a settlement?

**WHO IS PART OF THE SETTLEMENT**.................................................................................**PAGE 4**
     6. Who is included in the Settlement?
     7. What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS**............................................................................................**PAGE 4**
     8. What does the Settlement provide?
     9. How do I file a Claim?
     10. When will I receive my payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**.............................................................**PAGE 5**
     11. How do I get out of the Settlement?
     12. If I do not exclude myself, can I sue Western Dental or RevSpring for the same thing later?
     13. What am I giving up to stay in the Settlement Class?
     14. If I exclude myself, can I still get a payment?

**THE LAWYERS REPRESENTING YOU**.................................................................................**PAGE 6**
     15. Do I have a lawyer in the case?
     16. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**......................................................................................**PAGE 6**
     17. How do I tell the Court I do not like the Settlement?
     18. What is the difference between objecting and asking to be excluded?

**THE FINAL APPROVAL HEARING**.........................................................................................**PAGE 7**
     19. When and where will the Court decide whether to approve the Settlement?
     20. Do I have to attend the hearing?
     21. May I speak at the hearing?

**IF YOU DO NOTHING**.........................................................................................................**PAGE 7**
     22. What happens if I do nothing at all?

**GETTING MORE INFORMATION**...........................................................................................**PAGE 7**
     23. How do I get more information?

# BASIC INFORMATION

**1.   Why is there a notice?**

A Court authorized this notice because you have a right to know about a proposed Settlement of a class action lawsuit known as *Jodi Judson, individually and on behalf of all others similarly situated, v. Goldco Direct, LLC.,* C.D. Cal. Case no. 2:19-cv-06798-PSG-PLA, and about all of your options before the Court decides whether to give Final Approval to the Settlement.  This notice explains the lawsuit, the Settlement, and your legal rights.

The United States District Court, Central District of California is overseeing this case. The person that sued, Jodi Judson, is called the "Plaintiff." Goldco Direct, LLC is called the "Defendant."

**2.   What is this litigation about?**

The lawsuit alleges that Goldco violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), by sending autodialed texts and/or by sending text messages using an automatic telephone dialing system and/or to telephone numbers listed on the National Do Not Call Registry.  The lawsuit seeks actual and/or statutory damages under the TCPA on behalf of the named Plaintiff and similarly situated classes of individuals in the United States.

Goldco denies each and every allegation of wrongdoing, liability and damages that was or could have been asserted in the litigation, and that the claims in the litigation would be appropriate for class treatment if the litigation were to proceed through trial.

The Plaintiff's Complaint, the Settlement Agreement, and other case-related documents are posted on the settlement website, www.xxxxTCPAsettlement.com.  The Settlement resolves the lawsuit.  The Court has not decided who is right.

**3.   What is the Telephone Consumer Protection Act?**

The Telephone Consumer Protection Act (commonly referred to as the "TCPA") is a federal law that restricts, among other things, unsolicited autodialed text messages and telemarketing text messages to telephone numbers registered on the National Do Not Call Registry.

**4.   Why is this a class action?**

In a class action, one person called the "Class Representative" (in this case, Plaintiff Jodi Judson) sues on behalf of herself and other people with similar claims.

All of the people who have claims similar to Plaintiff's are members of the Settlement Class, except for those who exclude themselves from the class.

| 5. Why is there a settlement? |
| --- |

The Court has not found in favor of Plaintiff or Goldco.  Instead, the parties have agreed to a Settlement.  By agreeing to the Settlement, the parties avoid the costs and uncertainty of a trial, and if the Settlement is approved by the Court, Settlement Class Members will receive the benefits described in this notice.  Goldco denies all legal claims in this case, but is settling to avoid the uncertainties and costs attendant with litigation.  Plaintiff and her lawyers think the proposed Settlement is best for everyone who is affected.

## WHO IS PART OF THE SETTLEMENT

| 6. Who is included in the Settlement? |
| --- |

The Settlement Class includes: All persons within the United States who (a) received text messages sent by or on behalf of Goldco with the following content: (i) "URGENT Your retirement savings is at risk from $9 TRILLION ponzi scheme.  Learn how to protect yourself today.  Call Now: 855-957-2233 Text STOP 2 stop," (ii) "$9 TRILLION ponzi scheme going after retirement accounts.  Call to find out if your retirement savings is at risk! Call Now: 855-957-2233 Text STOP 2 stop," and (iii) "US/China tariff war could bankrupt your retirement savings. Find out if you're at risk! Call Now: 855-957-2233 Text STOP 2 stop"; (b) on their cellular telephone numbers; (c) that were registered on the National Do Not Call Registry more than 30 days before receiving any of the text messages; (d) between August 6, 2015 and November 13, 2020.

| 7. What if I am not sure whether I am included in the Settlement? |
| --- |

If you are not sure whether you are in the Settlement Class, or have any other questions about the Settlement, visit the settlement website at www.xxxxxTCPAsettlement.com.  You also may call or send questions to the Settlement Administrator at 1-8xx-xxx-xxxx or xxxx@xxxxxTCPAsettlement.com.

## THE SETTLEMENT BENEFITS

| 8. What does the Settlement provide? |
| --- |

Goldco has agreed to fund a Settlement Fund totaling $1,500,000.  The Settlement Fund will be used to pay all settlement costs, including settlement administration costs, any attorneys' fees, costs, and expenses awarded to Class Counsel by the Court, any service award awarded to the Class Representative by the Court, and all Approved Claims.  Members of the Settlement Class who submit Approved Claims shall receive a pro rata share of the Settlement Fund minus a pro rata share of Settlement Costs. Although the exact amount of each claimant's share of the Settlement Fund is unknown at this time, the parties expect each claimant's share

will be between $400 and $600. Only Approved Claims will be paid.  Only one claim per telephone number will be validated and deemed an Approved Claim.

| 9.   How do I file a Claim? |
|---|

If you qualify for a cash payment you must complete and submit a valid Claim Form. You can file your Claim Form online at www.xxxxxTCPAsettlement.com, send it by email to xxxx@xxxx.com, or send it by U.S. Mail to the address below.  The deadline to file a Claim online or by email is **11:59 p.m. PST on DATE**.

Claim Forms submitted by mail must be postmarked on or before **DATE** to:

Goldco Telemarketing Settlement Administrator
PO Box XXX, City, State XXXXX-XXXX

No matter which method you choose to file your Claim Form, please read the Claim Form carefully and provide all the information required.

| 10. When will I receive my payment? |
|---|

Payments to Settlement Class Members will be made only after the Court grants Final Approval to the Settlement and after any appeals are resolved (*see* "Final Approval Hearing" below).  If there are appeals, resolving them can take time.  Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want benefits from the Settlement, and you want to keep the right to sue or continue to sue Goldco on your own about the legal issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself – or it is sometimes referred to as "opting-out" of the Settlement Class.

| 11. How do I get out of the Settlement? |
|---|

To exclude yourself from the Settlement, you must send a timely letter by mail to:

Goldco Telemarketing Settlement Administrator
PO Box XXX
City, State XXXXX-XXXX

Your request to be excluded from the Settlement must be personally signed by you, be dated, include your full name (or, if a business, business name), address, and the telephone number that allegedly received texts sent by or on behalf of Goldco, and must clearly state that you wish to be excluded from the Litigation and the Agreement. Absent excluding yourself or "opting-out" you are otherwise a member of the Settlement Class.

Your exclusion request must be postmarked no later than **DATE**.  You cannot ask to be excluded on the phone, by email, or at the website.  Opt outs must be made individually and cannot be made on behalf of other members of the Settlement Class.

## 12. If I do not exclude myself, can I sue the Defendant for the same thing later?

No. Unless you exclude yourself, you give up the right to sue Goldco or any of the Released Parties for the claims that the Settlement resolves.  You must exclude yourself from this Settlement to pursue your own lawsuit.

## 13. What am I giving up to stay in the Settlement Class?

Unless you opt-out of the Settlement, you cannot sue or be part of any other lawsuit against Goldco or any of the Released Parties about the issues in this case, including any existing litigation, arbitration, or proceeding.  Unless you exclude yourself, all of the decisions and judgments by the Court will bind you.

The Settlement Agreement is available at www.xxxxxTCPAsettlement.com.  The Settlement Agreement provides more detail regarding the Release and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully.  You can talk to the law firm representing the Class (Class Counsel) listed in Question 15 for free at (305) 469-5881, or you can, at your own expense, talk to your own lawyer if you have any questions about the Released Claims or what they mean.

## 14. If I exclude myself, can I still get a payment?

No.  You will not get a payment from the Settlement Fund if you exclude yourself from the Settlement.

# THE LAWYERS REPRESENTING YOU

## 15. Do I have a lawyer in the case?

The Court has appointed Avi R. Kaufman and Rachel E. Kaufman of Kaufman P.A. (located at 400 NW 26th Street, Miami, FL 33127) as "Class Counsel" to represent all members of the Settlement Class.  You will not be charged for these lawyers.  If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

## 16. How will the lawyers be paid?

Class Counsel intend to request attorneys' fees in an amount not to exceed one-third of the Settlement Fund, plus reimbursement of out-of-pocket expenses incurred in the litigation.  The fees and expenses awarded by the Court will be paid out of the Settlement Fund.  The Court will decide the amount of fees and expenses to award.

Class Counsel also will request that a service award not to exceed $5,000 be paid from the Settlement Fund to the Class Representative for her service as representative on behalf of the whole Settlement Class.

## OBJECTING TO THE SETTLEMENT

**17. How do I tell the Court if I do not like the Settlement?**

If you are a member of the Settlement Class (and do not exclude yourself from the Settlement Class), you can object to any part of the Settlement.  To object, you must timely submit a letter that includes the following:

1) A caption or title that identifies it as "Objection to Class Settlement in *Judson v. Goldco Direct, LLC*, No. 2:19-cv-06798-PSG-PLA";
2) Your name, address, and telephone number;
3) The name, address, and telephone number of any attorney for you with respect to the objection;
4) The factual basis and legal grounds for the objection, including any documents sufficient to establish the basis for your standing as a Settlement Class Member, including the phone number(s) at which you received texts covered by this Settlement; and
5) Identification of the case name, case number, and court for any prior class action lawsuit in which the you and/or your attorney (if applicable) has objected to a proposed class action settlement.
    If you wish to object, you must file your objection with the Court by (a) using the Court's electronic filing system, (b) mailing it to the Clerk of Court, United States District Court for the Central District of California, First Street Courthouse, 350 West 1st St., Los Angeles, CA 90012, or (c) filing it in person at that location. Your objection <u>must</u> be filed and/or postmarked by **DATE**.

**18. What is the difference between objecting and asking to be excluded?**

Objecting is telling the Court that you do not like something about the Settlement.  You can object to the Settlement only if you do not exclude yourself.  Excluding yourself is telling the Court that you do not want to be part of the Settlement.  If you exclude yourself, you have no basis to object to the Settlement because it no longer affects you.

## THE FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement and any requests for attorneys' fees and expenses and a service award ("Final Approval Hearing").

**19. When and where will the Court decide whether to approve the settlement?**

The Court has scheduled a Final Approval Hearing on **DATE at TIME**, in Courtroom 6A of the United States District Court for the Central District of California, First Street Courthouse, 350 West 1st St., Los Angeles, CA 90012. The hearing may be moved to a different date or time, or may be set for remote appearances, without additional mailed notice, so it is a good

idea to check www.xxxxxTCPAsettlement.com for updates.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  The Court will also consider the requests by Class Counsel for attorneys' fees and expenses and for a service award to the Class Representative.  If there are objections, the Court will consider them at that time.  After the hearing, the Court will decide whether to approve the Settlement.  It is unknown how long these decisions will take.

| 20. Do I have to attend the hearing? |
|---|

No.  Class Counsel will answer any questions the Court may have.  You are welcome to attend the hearing at your own expense.

| 21. May I speak at the hearing? |
|---|

If you attend the Final Approval Hearing, you may ask the Court for permission to speak if you so choose.  However, you cannot speak at the hearing if you exclude yourself from the Settlement.

## IF YOU DO NOTHING

| 22. What happens if I do nothing at all? |
|---|

If you are a member of the Settlement Class and do nothing, meaning you do not file a timely Claim, you will not get benefits from the Settlement.  Further, unless you exclude yourself, you will be bound by the judgment entered by the Court.

## GETTING MORE INFORMATION

| 23. How do I get more information? |
|---|

This notice summarizes the proposed Settlement. You are urged to review more details in the Settlement Agreement.  For a complete, definitive statement of the Settlement terms, refer to the Settlement Agreement at www.xxxxxTCPAsettlement.com, by contacting class counsel Kaufman P.A. at (305) 469-5881, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cacd.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Central District of California, First Street Courthouse, 350 West 1st St., Los Angeles, CA 90012, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. You also may call or write with questions to the Settlement Administrator at 1-8xx-xxx-xxxx, Goldco Telemarketing Settlement Administrator, PO Box XXXX, City, State XXXXX-XXXX, or at xxxx@xxxxx.com.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

# EXHIBIT C

UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA

**If You Received a Text Message from or on behalf of Goldco,
You May be Entitled to a Payment from a Class Action Settlement.**

*A court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

A Settlement  has been reached in a class action lawsuit about whether Goldco Direct, LLC violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by sending text messages using an automatic telephone dialing system and/or to telephone numbers listed on the National Do Not Call Registry. Goldco denies the allegations in the lawsuit and the Court has not decided who is right.

**Who's Included?** You received this notice because Goldco's records show that you may be a Settlement Class member. The Settlement Class includes all persons within the United States who are identified and (a) received text messages sent by or on behalf of Goldco with the following content: (i) "URGENT Your retirement savings is at risk from $9 TRILLION ponzi scheme.  Learn how to protect yourself today.  Call Now: 855-957-2233 Text STOP 2 stop," (ii) "$9 TRILLION ponzi scheme going after retirement accounts.  Call to find out if your retirement savings is at risk! Call Now: 855-957-2233 Text STOP 2 stop," and (iii) "US/China tariff war could bankrupt your retirement savings. Find out if you're at risk! Call Now: 855-957-2233 Text STOP 2 stop"; (b) on their cellular telephone numbers; (c) that were registered on the National Do Not Call Registry more than 30 days before receiving any of the text messages; (d) between August 6, 2015 and November 13, 2020.

**What are the Settlement Terms?** Goldco has agreed to fund a Settlement Fund totaling $1,500,000. The Settlement Fund will be used to pay all settlement costs, including settlement administration costs, any attorneys' fees, costs, and expenses awarded to Class Counsel by the Court, any service award awarded to the Class Representative by the Court, and all Approved Claims.  Members of the Settlement Class who submit Approved Claims shall receive a pro rata share of the Settlement Fund minus a pro rata share of Settlement Costs. Although the exact amount of each claimant's share of the Settlement Fund is unknown at this time, the parties expect each claimant's share will be between $400 and $600. Only Approved Claims will be paid.  Only one claim per telephone number will be validated and deemed an Approved Claim.

**How can I get a Payment?** By completing the Claim Form attached to this notice and submitting it by U.S. mail to the Settlement Administrator at the address on the Claim Form.  You may also download or file a Claim Form online at www.xxxxxTCPAsettlement.com or by email to xxxx@xxxxx.com.  If you send in a Claim Form by regular mail, it must be postmarked on or before **DATE**. The deadline to file a Claim Form online or by email is **11:59 p.m. PST on DATE**.

**What are my Other Options?** If you do not want to be legally bound by the Settlement, you must exclude yourself by **DATE** by sending the Settlement Administrator a letter that complies with the procedure set forth in the Settlement and paragraph 11 of the Long Form Notice, available at the settlement website. If you do not exclude yourself, you can share in the Settlement Fund by completing and submitting a Claim Form, and you will release any claims you may have, as more fully described in the Settlement Agreement, available at the Settlement Website. Even though you submit a Claim Form, you may object to the Settlement by **DATE** by complying with the objection procedures detailed in the Settlement. The Court will hold a Final Approval Hearing on **DATE** to consider whether to

approve the Settlement and a request for attorneys' fees not to exceed one third of the Settlement Fund and reimbursement of expenses, and a request for a service award of $5,000 to the Class Representative.  You may appear at the hearing, either yourself or through an attorney hired by you, but you do not have to. For more information, call the Settlement Administrator or visit the Settlement Website.

**www.xxxxxTCPAsettlement.com**                                                    **(xxx) xxx-xxxx**