UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** #52(1/4)

| Case No. | CV 19-6798 PSG (PLAx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** **The Court GRANTS Plaintiff's motion for preliminary approval**

Before the Court is a motion for preliminary approval of a class action settlement filed by Plaintiff Jodi Judson ("Plaintiff"). *See generally* Dkt. # 52 ("*Mot.*"). Defendant Goldco Direct, LLC ("Goldco" or "Defendant") does not oppose. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving papers, the Court **GRANTS** Plaintiff's motion for preliminary approval.

I.  Background

In this putative class action, Plaintiff claims that Defendant Goldco violated the Telephone Consumer Protection Act ("TCPA") by sending unsolicited text messages to consumers, including consumers who are registered on the Do Not Call list. *See Complaint*, Dkt. # 1 ("*Compl.*"), 1:20–2:6.

On April 30, 2019, Plaintiff received an unsolicited, autodialed text message on her personal cell phone, which is registered on the Do Not Call list. *Id.* ¶¶ 17–19. The message told her to call a phone number to see if her retirement savings were at risk from a Ponzi scheme that was allegedly targeting retirement accounts. *Id.* ¶ 19. The agents who answer when this phone number is called identify their company as Goldco. *Id.* ¶ 20. Plaintiff later received two similar text messages from Goldco. *Id.* ¶¶ 21–22.

As a result, Plaintiff filed suit in this Court on behalf of herself and others similarly situated, *see generally id.*, alleging two causes of action:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

> First Cause of Action: violation of the TCPA, 47 U.S.C. § 227, for using an autodialer to send unsolicited text messages to consumers without consent. *See Compl.* ¶¶ 32–36.
>
> Second Cause of Action: violation of the TCPA, § 227, for sending unsolicited text messages to numbers listed on the Do Not Call registry. *See Compl.* ¶¶ 37–42.

On October 16, 2020, Goldco filed a notice of settlement. Dkt. # 50. The proposed Settlement Class is defined as

> all persons within the United States who (a) received one or more text messages sent by or on behalf of Defendant with the following content: (i) "URGENT Your retirement savings is at risk from $9 TRILLION ponzi scheme. Learn how to protect yourself today. Call Now: 855-957-2233 Text STOP 2 stop," (ii) "$9 TRILLION ponzi scheme going after retirement accounts. Call to find out if your retirement savings is at risk! Call Now: 855-957-2233 Text STOP 2 stop," and (iii) "US/China tariff war could bankrupt your retirement savings. Find out if you're at risk! Call Now: 855-957-2233 Text STOP 2 stop"; (b) on their cellular telephone numbers; (c) that were registered on the National Do Not Call Registry more than 30 days before receiving any of the text messages; and (e) who are on the class list.

*See Class Action Settlement Agreement*, Dkt. # 52-1 ("*Settlement Agreement*"), ¶ 1.1.36.

> Additionally,
>
> [e]xcluded from the Settlement Class are: (1) the Judge presiding over this action (or the Judge or Magistrate presiding over the action through which this matter is presented for settlement), and members of their families; (2) the Defendant, Defendant's respective subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) legal representatives, successors or assigns of any such excluded person(s).

*See id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

Plaintiff now moves for preliminary approval of the proposed settlement ("Settlement Agreement"). *See generally Mot.*

Plaintiff asks the Court to (1) grant preliminary approval of the Settlement; (2) preliminarily certify the Settlement Class and appoint Plaintiff as Class Representative and Kaufman P.A. as Class Counsel; (3) approve the Settlement Administrator; (4) approve the notice program describing the Settlement, the release of claims, Class Counsel's attorneys' fees and Class Representative's service award, and the procedures for objecting to or opting out of the Settlement; (5) approve the Claims process; and (6) schedule a final approval hearing. *See id.* 7:12–25.

II.   Class Certification for Settlement Purposes

When parties settle an action prior to class certification, the court is obligated to "peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). Preliminary approval of a class settlement is generally a two-step process. First, the court must assess whether a class exists. *Id.* (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997)). Second, the court must determine "whether [the] proposed settlement is fundamentally fair, adequate, and reasonable." *Id.* (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)) (internal quotation marks omitted). The decision to approve or reject a settlement is within the Court's discretion. *Hanlon*, 150 F.3d at 1026.

A.   Legal Standard

Parties seeking certification of a settlement-only class must still satisfy the Federal Rule of Civil Procedure 23 standards. *See id.* at 1019–24. Under Rule 23, a plaintiff must satisfy the four prerequisites of Rule 23(a) *and* demonstrate that the action is maintainable under Rule 23(b). *See Amchem*, 521 U.S. at 613–14. The four prerequisites of Rule 23(a) are: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *See* Fed. R. Civ. P. 23(a). Plaintiff seeks certification under Rule 23(b)(3), *see generally Mot.*, which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed R. Civ. P. 23(b)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

B.     Discussion

The Court considers the Rule 23(a) factors and then the Rule 23(b)(3) factors.

      *i.*       *Numerosity*

The first requirement for maintaining a class action under Rule 23(a) is that the class is "so numerous that joinder of all members would be impracticable." Fed. R. Civ. P. 23(a)(1). Courts generally presume numerosity when there are at least forty members in the proposed class. *See Charlebois v. Angels Baseball, LP*, No. SACV 10-0853 DOC (ANx), 2011 WL 2610122, at *4 (C.D. Cal. June 30, 2011).

Here, the Settlement Class is composed of approximately 13,060 people. *Mot.* 26:7–12. This is sufficiently numerous. *See Lowe v. Popcornopolis LLC*, No. CV 19-6984 PSG (RAOx), 2020 WL 5991509, at *2 (C.D. Cal. July 8, 2020) (finding class of approximately 191 individuals sufficiently numerous).

      *ii.*       *Commonality*

To fulfill the commonality requirement, Plaintiff must establish questions of law or fact common to the class as a whole. *See* Fed. R. Civ. P. 23(a)(2). The class claims must depend on a common contention that "is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). "What matters to class certification . . . is not the raising of common 'questions'—even in droves—but rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Id*. (internal quotation marks omitted) (emphasis removed). For the purposes of Rule 23(a)(2), even a single common question that is likely to drive the resolution of the case is enough. *See id*. at 359; *Abdullah v. U.S. Sec. Assocs.*, 731 F.3d 952, 957 (9th Cir. 2013) (citing *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012)).

Here, Plaintiff identifies several questions of fact and law common to the Settlement Class. For the first cause of action, "the primary issue to be determined is whether the Call Loop platform used to send all 3 of the text messages to all of the class members constitutes an automatic telephone dialing system under the TCPA, which is a common question that [would] be resolved based on Goldco's and Plaintiff's expert's testimony." *Mot.* 26:23–27:1. For the second cause of action, "the primary issue to be determined is whether [] Goldco's 3 text

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

messages that each class member received constitute[d] telemarketing, which is [] a common question that [would] be resolved based on Goldco's testimony." *Id.* 27:1–4.

Accordingly, the Court agrees that Plaintiff's claims present common questions, determination of which "will resolve [] issue[s] that [are] central to the validity of each one of the claims in one stroke." *See Dukes*, 564 U.S. at 350. As such, the commonality requirement is satisfied.

### iii. Typicality

Typicality requires a showing that the named plaintiffs are members of the class they represent and that their claims are "reasonably co-extensive with those of absent class members," but not necessarily "substantially identical." *Hanlon*, 150 F.3d at 1020; *see* Fed. R. Civ. P. 23(a)(3). The test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)) (internal quotation marks omitted). The typicality and commonality requirements somewhat overlap. *See Gen. Tel. Co. Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982).

Here, Plaintiff argues that she "is typical of the Settlement Class Members because her claims and the class's claims arise from Goldco's single course of conduct and are based on the same legal theories. Plaintiff has the same two TCPA claims as all other Settlement Class Members who were texted by Goldco as part of the same campaign." *Mot.* 27:13–18. Accordingly, the Court agrees that typicality is met. *See Ellis*, 657 F.3d at 984.

### iv. Adequacy

The final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Ninth Circuit has indicated that "[t]he proper resolution of this issue requires that two questions be addressed: (a) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (b) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

Here, Plaintiff has no apparent "antagonistic or conflicting interest with the members of the proposed class." *Mot.* 27:23–24. As discussed above, she shares common interests with the other Settlement Class Members because they share identical claims. Moreover, "she has demonstrated her commitment to the class by actively participating in the litigation," including by "develop[ing] the class claims, respond[ing] to requests for production and interrogatories, and [] prepar[ing] to be deposed." *Id.* 27:25–28:2. Additionally, Class Counsel appear qualified and committed to representing the class. *Id.* 28:2–11. Accordingly, the adequacy requirement is satisfied.

    v.  *Predominance and Superiority*

Having concluded that the Class satisfies the Rule 23(a) factors, the Court now turns to Rule 23(b)(3).

Rule 23(b)(3) provides that a class may be certified where common questions of law or fact predominate over individual questions and a class action is the superior method for adjudicating the controversy as a whole. *See* Fed. R. Civ. P. 23(b)(3). The predominance aspect specifically "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022 (internal quotation marks omitted).

Plaintiff argues that the Settlement Class readily satisfies the predominance requirement:

> [T]he questions common to all Settlement Class Members – including whether Goldco's text messages were sent for marketing purposes; whether [the] platform used to text message all Settlement Class Members constitutes an autodialer under the TCPA; whether Goldco sent text messages to telephone numbers on the [Do Not Call list]; and whether Goldco had consent to send the text messages – focus on Defendant's conduct and can be resolved based on common evidence, including Defendant's records, Defendant's employees' testimony, and Plaintiff's expert's testimony.

*Mot.* 28:13–22. The Court agrees that these "common questions present a significant aspect of the case" and "can be resolved for all members of the class in a single adjudication," clearly justifying the "handling [of] the dispute on a representative rather than on an individual basis." *See Hanlon*, 150 F.3d at 1022 (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

The Court likewise agrees that the Settlement Class satisfies the superiority requirement. *See Kron v. Grand Bahama Cruise Line, LLC*, 328 F.R.D. 694, 702 (S.D. Fla. 2018) ("[T]he large number of claims, along with the relatively small statutory damages, the desirability of adjudicating these claims consistently, and the probability that individual members would not have a great interest in controlling the prosecution of these claims, all indicate that a class action would be the superior method of adjudicating [the plaintiffs' TCPA] claims.").

In sum, the Settlement Class satisfies both the predominance and superiority requirements of Rule 23(b)(3).

    C.    Conclusion

Plaintiff has met the requirements for class certification under Rule 23. Therefore, the Court **CERTIFIES** the Settlement Class for settlement purposes only. The Court also **APPOINTS** Kaufman P.A. as Class Counsel and **APPOINTS** Plaintiff as Class Representative.

III.    Preliminary Approval of the Proposed Class Action Settlement

The next step is to determine whether the settlement reached is "fair, reasonable, and adequate" under Rule 23(e). *See* Fed. R. Civ. P. 23(e)(2).

    A.    Legal Standard

The approval of a class action settlement is a two-step process under Rule 23(e) in which the court first determines whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted. *See In re Am. Apparel, Inc. S'holder Litig.*, No. CV 10-6352 MMM (CGx), 2014 WL 10212865, at *5 (C.D. Cal. July 28, 2014). "At the preliminary approval stage, a court determines whether a proposed settlement is within the range of possible approval and whether or not notice should be sent to class members." *True v. Am. Honda Motor Co.*, 749 F. Supp. 2d 1052, 1063 (C.D. Cal. 2010) (internal quotation marks omitted). Preliminary approval amounts to a finding that the terms of the proposed settlement warrant consideration by members of the class and a full examination at a final approval hearing. *See Manual for Complex Litigation* (Fourth) § 13.14 (2004).

Preliminary approval is appropriate if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *Ma v. Covidien Holding, Inc.*, No. SACV 12-2161 DOC, 2014 WL 360196, at *4 (C.D. Cal. Jan. 31, 2014); *see also Eddings v. Health Net, Inc.*, No. CV 10-1744 JST (RZx), 2013 WL 169895, at *2 (C.D. Cal. Jan. 16, 2013).

After notice is given to the class, preliminary approval is followed by a review of the fairness of the settlement at a final fairness hearing, and, if appropriate, a finding that it is "fair, reasonable, and adequate." Fed R. Civ. P. 23(e)(2); *see also Lane v. Facebook, Inc.*, 696 F.3d 811, 818 (9th Cir. 2012); *Hanlon*, 150 F.3d at 1027. In making this determination, the district court must

> balance a number of factors: the strength of the plaintiffs' case; the risk, expense complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon*, 150 F.3d at 1026; *see also Staton*, 327 F.3d at 959; *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982) (noting that the list of factors is "by no means an exhaustive list").

The district court must approve or reject the settlement as a whole. *See Hanlon*, 150 F.3d at 1026 ("It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness."). The Court may not delete, modify, or rewrite particular provisions of the settlement. *See Dennis v. Kellogg Co.*, 697 F.3d 858, 868 (9th Cir. 2012); *Hanlon*, 150 F.3d at 1026.

Where the parties negotiate a settlement agreement before the class has been certified, "settlement approval 'requires a higher standard of fairness' and 'a more probing inquiry than may normally be required under Rule 23(e).'" *Roes, 1-2 v. SFBSC Mgmt.*, *LLC*, 944 F.3d 1035, 1048–49 (9th Cir. 2019) (quoting *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012)). Specifically, "such [settlement] agreements must withstand an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e) before securing the court's approval as fair," and this "more exacting review is warranted to ensure that class representatives and their counsel do not secure a disproportionate benefit at the expense of the unnamed plaintiffs who class counsel had a duty to represent." *Id.* (internal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

quotations omitted). Courts must especially scrutinize "subtle signs of collusion," such as a reversionary clause, a clear sailing agreement, or a disproportionately large attorneys' fees award. *Id.*

    B.    <u>Overview of the Settlement Agreement</u>

Under the Settlement Agreement, Defendant will create a non-reversionary common fund in the amount of $1,500,000 ("Gross Settlement Amount"). *Settlement Agreement* ¶ 1.1.40. The Gross Settlement Amount will be used to pay "(a) Class members, (b) administrative expenses, including notice, (c) Representative Plaintiff's attorneys' fees and costs, and (d) Representative Plaintiff's incentive award." *Id.*

Each Settlement Class Member may submit "one claim per telephone number he or she used or subscribed to" by the Claims Deadline and is "entitled to a single payment in an amount equivalent to his or her *pro rata* share of the Settlement Fund after any approved Fee Award, and approved Service Award, and Settlement Administration Expenses are deducted." *Id.* ¶¶ 4.4.1–4.4.5. In other words, after deducting fees, costs, expenses, and awards from the Gross Settlement Amount ("Net Settlement Amount"), "[e]ach Settlement Class Member shall be entitled to receive an amount equal to the [Net Settlement Amount] divided by the total number of Approved Claims." *See id.* ¶¶ 4.4.4, 1.1.39. Checks to Settlement Class Members expire after 180 days and will be redistributed *pro rata* to Settlement Class Members who (1) submitted Approved Claims and (2) cashed their checks, if such distribution would net those Members more than $5 after administrative costs. *Id.* ¶ 8.4. If not, such uncashed checks will escheat to the applicable state. *Id.*

Defendant also agreed not to "make any telemarketing calls or send any telemarketing text messages for a period of two years to any Settlement Class Member without obtaining prior express written consent or without a TCPA acceptable explanation." *Id.* ¶ 4.3.

In return, Settlement Class Members who do not opt-out release

any and all claims, liabilities, demands, causes of action, or lawsuits . . . (a) that were brought in the Litigation or could have been brought under state or local laws similar to the [TCPA], (b) that arise from the manner in which text messages were sent, or attempted to be sent, by or on behalf of Defendant, (c) that arise from a lack of consent for sending text messages, or (d) that arise from the sending, or attempted sending, of text

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

messages by or on behalf of Defendant to telephone numbers registered on any federal or state do not call list, within the four years preceding August 6, 2019.

*Id.* ¶ 1.1.29.

Class Members who do not wish to participate in, or be bound by, the Settlement must opt-out. *Mot.* 15:11–13. To do so, Class Members must send a written request for exclusion to the Settlement Administrator by First Class United States mail within approximately 60 days of the Notice Date. *Settlement Agreement* ¶ 10.4.1.

    C.    <u>Analysis of Settlement Agreement</u>

        i.    *Fair and Honest Negotiations*

In general, evidence that a settlement agreement is arrived at through genuine arms-length bargaining with the help of a mediator supports a conclusion that the settlement is fair. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution."); *Sarabi v. Weltman, Weinberg & Reis Co., L.P.A.*, No. CV 10-1777 AJB (NLSx), 2012 WL 3809123, at *1 (S.D. Cal. Sept. 4, 2012) (holding that a settlement should be granted preliminary approval after the parties engaged in extensive negotiations); *Aarons v. BMW of N. Am., LLC*, No. CV 11-7667 PSG (CWx), 2014 WL 4090564, at *10 (C.D. Cal. Apr. 29, 2014) (declining to apply a presumption but considering the arm's-length nature of the negotiations as evidence of reasonableness).

Here, Plaintiff argues that the agreement was the result of fair and honest negotiations for three reasons. First, the parties reached the Settlement Agreement with the assistance of Bruce Friedman, a JAMS mediator, over the course of five months, which culminated in a full-day mediation in May of 2020. *Mot.* 20:21–23. Second, the parties did not settle until they had completed all discovery except for Plaintiff's deposition. *Id.* 20:23–21:2. Third, based on discovery and testimony from a data analysis and management and telecommunications systems expert, Class Counsel understood "the key issues driving the litigation, including the likelihood of class certification (which was almost fully briefed), the strength of Defendant's defenses, and the ever-shifting TCPA law landscape," which "prepared them for well-informed settlement negotiations." *Id.* 21:2–7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

The Court is satisfied that the time and effort spent investigating the claims, conducting discovery, and negotiating a settlement indicate an honest, non-collusive agreement. *See Hanlon*, 150 F.3d at 1029. Moreover, the Court is confident that, due to the nearly complete discovery obtained before settlement, the parties were well informed and had enough information to assess the merits of their claims. *See Lowe*, 2020 WL 5991509 at *7.

       *ii.*    *Settlement Amount*

To evaluate whether a settlement falls within the range of possible approval, "courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007).

Here, the per-Class-Member recovery is approximately $115. *Mot.* 24:1–2. While the TCPA provides for statutory damages of $500 per violation, *see* 47 U.S.C. § 227(b)(3)(B), Class Counsel nonetheless argues that the settlement amount is reasonable because (1) it exceeds amounts approved in other, similar settlements; (2) the expected recovery per Class Member is likely to be between $400 and $600 given the anticipated participation rate; and (3) the recovery reflects the risks and expenses of continued litigation. *Mot.* 23:23–25:3. The Court agrees.

First, per-Member recovery—even assuming full participation—is within a broad range of awards that courts have approved in TCPA cases. *See Cabiness v. Educ. Fin. Sols., LLC*, No. 16-cv-01109-JST, 2019 WL 1369929, at *5 (N.D. Cal. Mar. 26, 2019) (collecting cases in which average recoveries have ranged from $151 to $500, but distinguishing those cases and approving an average recovery of $33.36 because the higher average recoveries in the other cases were due to low participation percentages); *Estrada v. iYogi, Inc.*, No. 2:13–01989 WBS CKD, 2015 WL 5895942, at *7 (E.D. Cal. Oct. 6, 2015) (approving $40 per-member recovery). Moreover, if Class Counsel's forecast about the participation rate within the Class is correct, the per-Member recovery will be on the higher end of TCPA awards. *See Cabiness*, 2019 WL 1369929 at *5.

Second, Class Counsel correctly notes that continued litigation would be risky and expensive and would cause a delay in recovery. *Mot.* 24:9–25:3. Specifically, Class Counsel took into account "the strength of Defendant's defenses, Defendant's financial capacity, difficulties in obtaining class certification and proving liability, [and] the uncertain outcome and risk of litigation, especially in complex actions such as this one." *Id.* 24:16–21. Moreover, intervening changes regarding what constitutes an autodialer "could itself defeat Plaintiff's claims in whole or in part." *Id.* 24:20–26; *see* Brief for the Petitioner, *Facebook, Inc. v. Duguid*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

No. 19-511 (Sept. 4, 2020) (pending Supreme Court case that will decide "[w]hether the definition of ATDS in the TCPA encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential number generator.'").

Accordingly, balancing the risk of continued litigation against the certainty and immediacy of recovery and the relative value of the Class's recovery, the Court concludes that the settlement amount is within the range of approval. *See Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 489 (E.D. Cal. 2010).

### iii. Attorneys' Fees and Costs

When approving attorneys' fees in common fund cases, courts in the Ninth Circuit have discretion to apply the percentage-of-the-fund method or the lodestar method to determine reasonable attorneys' fees. *See Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 944–45 (9th Cir. 2011) (finding that when a settlement establishes a common fund for the benefit of a class, courts may use either method to gauge the reasonableness of a fee request, but encouraging courts to employ a second method as a cross-check after choosing a primary method). If employing the percentage-of-the-fund method, the "starting point" or "benchmark" award is 25 percent of the total settlement value. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993). A court may exceed the benchmark but must explain its reasons for so doing. *See Powers*, 229 F.3d at 1255–57.

Calculation of the lodestar, which measures the lawyers' investment of time in the litigation, provides a check on the reasonableness of the percentage award. *Vizcaino*, 290 F.3d at 1050. To determine attorneys' fees under the lodestar method, a court must multiply the reasonable hours expended by a reasonable hourly rate. *See In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1294 n.2 (9th Cir. 1994). The court may then enhance the lodestar with a "multiplier," if necessary, to arrive at a reasonable fee. *Id.*

In this case, Class Counsel "intends to apply to the Court for attorneys' fees totaling not more than one-third of the Settlement Fund ($500,000) and documented and reasonable expenses and costs incurred in the litigation" no later than 35 days before the Opt-Out Deadline. *Mot.* 17:24–18:5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

Because the amount Class Counsel requests is greater than the 25 percent "benchmark" established in this Court, Class Counsel is instructed to justify, in its application, the upward departure from the benchmark under the *Vizcaino* factors. *See Vizcaino*, 290 F.3d at 1048–50 (examining (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of the work; (4) the contingent nature of the fee and the financial burden carried by plaintiffs; and (5) awards made in similar cases). Class Counsel is further instructed to provide the requested hourly rate and hours expended in this case so that the Court can calculate the lodestar value and use it to cross-check the reasonableness of the fees and costs award. In its motion, Class Counsel should explain whether a multiplier should be applied and, if so, why the proposed multiplier is appropriate in this case. Finally, Class Counsel must submit a detailed summary of its costs and expenses for the Court's consideration.

        *iv.*    *Incentive Award*

"Incentive awards are fairly typical in class action cases." *Rodriguez*, 563 F.3d at 958. When considering requests for incentive awards, courts consider five principal factors:

> (1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

*See Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995). Further, courts also typically examine the propriety of an incentive award by comparing it to the total amount other class members will receive. *See Staton*, 327 F.3d at 975.

Here, "Class Counsel, on behalf of Representative Plaintiff, intends to petition the Court for an incentive award not to exceed $5,000" no later than 35 days before the Opt-Out Deadline. *Mot.* 17:18–20, 19:1–2. This award would represent roughly 43.5 times the average per-Member recovery if the Class fully participates, and 8.3 times the average per-Member recovery under Plaintiff's most favorable forecast of $600 per participating Member. *See Mot.* 23:23–25:3.

Ultimately, the Court will determine the reasonableness of the requested incentive award when Plaintiff's petition is filed. However, the Court cautions Plaintiff that she must justify the considerable disparity between the requested award and the average settlement amount for each

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

Class Member.

      *v.*     *Administration Costs*

The Settlement Agreement provides that the parties will pay Angeion Group approximately $55,000 to administer the Settlement. *Mot.* 13:17–14:10. This request is reasonable given the costs for mailed notice, national publication notice, claim verification, and distribution of settlement funds to a Class of over 13,000 individuals. *Mot.* 26:7–12, 14:6–10; *see Lowe*, 2020 WL 5991509 at *7 (approving estimated $24,000 to administer class of 191 individuals); *Ching v. Siemens Indus.*, No. 11–cv–04838–MEJ, 2014 WL 2926210, at *2 (N.D. Cal. June 27, 2014) (approving an estimated $15,000 claims administrator fee for sixty-eight claims); *Ozga v. U.S. Remodelers, Inc.*, No. C 09–05112 JSW, 2010 WL 3186971, at *2 (N.D. Cal. Aug. 9, 2010) (granting $10,000 to the claims administrator for 156 claims).

      *vi.*    *Remaining Funds*

Checks to Settlement Class Members expire after 180 days and will be redistributed *pro rata* to Settlement Class Members who (1) submitted Approved Claims and (2) cashed their checks, if such distribution would net those Members more than $5 after administrative costs. *Id.* ¶ 8.4. If not, such uncashed checks will escheat to the applicable state. *Id.* The Court finds that this system is reasonable.

    D.    <u>Notice to Class Members</u>

Before the final approval hearing, the Court requires adequate notice of the settlement be given to all class members. Federal Rule of Civil Procedure 23 provides:

> For any class certified under Rule 23(b)(3) . . . the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. . . . The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

Fed. R. Civ. P. 23(c)(2)(B). "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (quoting *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980)).

Plaintiff has provided a proposed Long-Form Notice and a proposed Summary Notice of Class Action Settlement. *See Settlement Agreement*, Exs. B, C ("*Notice*"). The Notices set forth in clear language: (1) the nature of the action and the essential terms of the Settlement Agreement; (2) the meaning and nature of the Class; (3) Class Counsel's application for attorneys' fees; (4) the expected recovery for each participating Class Member; (5) how to opt out of the Settlement; (6) how to object to the Settlement; (7) the Court's procedure for final approval of the Settlement; and (8) how to obtain additional information regarding this case and the Settlement Agreement. *See generally id.*

Under the Notice Plan, "Defendant shall provide the telephone numbers, names, addresses, and email addresses that it maintains for all Settlement Class Members to the Settlement Administrator within ten (10) days after the Court enters the Preliminary Approval Order." *Id.* ¶ 7.5.2. Within 30 days after the Preliminary Approval Order, the Settlement Administrator will send the Summary Notice to Settlement Class Members via the United States Postal Service. *Id.* ¶ 7.5.3. Also, within 30 days after preliminary approval, Summary Notice will be published "in a magazine, website, or through targeted social media ads." *Id.* ¶ 7.5.4. The Long-Form Notice will be available on the Class Settlement Website. *Id.* ¶ 7.3.1.

Having reviewed the Notice Plan, the Court finds it satisfactory.

IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for preliminary approval of class action settlement. The Court **PRELIMINARILY APPROVES** the Settlement, **APPOINTS** Angeion Group as the Settlement Administrator, and **APPROVES** the proposed Class Notice. The final approval hearing is set for **June 7, 202**1

At least thirty days before the final approval hearing, in addition to the motion for final approval of class action settlement, the Court **ORDERS** Plaintiff to file the following two memoranda (if Plaintiff has not already done so at that time):

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

- A memorandum justifying Class Counsel's award of attorneys' fees and costs that includes declarations supporting the reasonableness of each attorney's requested hourly rate, itemized billing statements showing hours worked, hourly rates, expenses incurred thus far, and expenses to be incurred in the future. The memorandum should explain in detail why an upward departure from the benchmark percentage rate is warranted. The memo should also explain whether a multiplier should be applied to the lodestar value for the attorneys' fees and, if so, why the proposed multiplier is appropriate in this case; and

- A memorandum justifying Plaintiff's service award with respect to the Gross Settlement Amount and the Individual Settlement Payments to Class Members, as well as a declaration from Plaintiff supporting an award.

    **IT IS SO ORDERED.**