UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | June 11, 2021 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**     The Court GRANTS Plaintiff's motions for final approval and for attorneys' fees, costs, and an incentive award

     Before the Court are two motions filed by Plaintiff Jodi Judson ("Plaintiff"): (1) a motion for final approval of class action settlement, *see generally* Motion for Final Approval, Dkt. # 55 ("*Final Approval Mot.*"); and (2) a motion for attorneys' fees and costs and an incentive award, *see generally* Motion for Attorneys' Fees and Incentive Award, Dkt. # 54 ("*Fees & Award Mot.*"). Defendant Goldco Direct, LLC ("Goldco" or "Defendant") does not oppose. The Court conducted a fairness hearing on June 11, 2021. Having considered the submissions, the Court **GRANTS** Plaintiff's motion for final approval and for attorneys' fees, costs, and an incentive award.

I.     Background

     In this putative class action, Plaintiff claimed that Goldco violated the Telephone Consumer Protection Act ("TCPA") by sending unsolicited text messages to consumers, including consumers who were registered on the Do Not Call list. *See Complaint*, Dkt. # 1 ("*Compl.*"), 1:20–2:6.

     Plaintiff filed suit in this Court on behalf of herself and others similarly situated, *see generally id.*, alleging two causes of action:

> First Cause of Action: violation of the TCPA, 47 U.S.C. § 227, for using an autodialer to send unsolicited text messages to consumers without their consent. *See Compl.* ¶¶ 32–36.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | June 11, 2021 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

<u>Second Cause of Action</u>: violation of the TCPA, § 227, for sending unsolicited text messages to numbers listed on the Do Not Call registry. *See Compl.* ¶¶ 37–42.

On October 16, 2020, Goldco filed a notice of settlement. *See generally* Dkt. # 50. The Settlement Class is defined as

> [a]ll persons within the United States who (a) received one or more text messages sent by or on behalf of Defendant with the following content: (i) "URGENT Your retirement savings is at risk from $9 TRILLION ponzi scheme. Learn how to protect yourself today. Call Now: 855-957-2233 Text STOP 2 stop," (ii) "$9 TRILLION ponzi scheme going after retirement accounts. Call to find out if your retirement savings is at risk! Call Now: 855-957-2233 Text STOP 2 stop," and (iii) "US/China tariff war could bankrupt your retirement savings. Find out if you're at risk! Call Now: 855-957-2233 Text STOP 2 stop"; (b) on their cellular telephone numbers; (c) that were registered on the National Do Not Call Registry more than 30 days before receiving any of the text messages; and (e) who are on the class list.

*See Class Action Settlement Agreement*, Dkt. # 52-1 ("*Settlement Agreement*"), ¶ 1.1.36.

Additionally,

> [e]xcluded from the Settlement Class are: (1) the Judge presiding over this action (or the Judge or Magistrate presiding over the action through which this matter is presented for settlement), and members of their families; (2) the Defendant, Defendant's respective subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) legal representatives, successors or assigns of any such excluded person(s).

*See id.*

On November 23, 2020, Plaintiff moved for preliminary approval of the proposed class settlement. *See generally* Dkt. # 52. The Court granted Plaintiff's motion. *See Order Granting Preliminary Approval of Class Action Settlement*, Dkt. # 53 ("*Prelim. Approval Order*"), at 15. Specifically, the Court (1) granted preliminary approval of the Settlement Agreement, *see id.*; (2) certified the class for settlement purposes under Rule 23, *see id.* at 7; (3) appointed Plaintiff as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | June 11, 2021 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

Class Representative, *see id.*; (4) appointed Kaufman P.A. as Class Counsel, *see id.*; (5) scheduled a final approval hearing for June 7, 2021, *see id.* at 15; (6) appointed Angeion Group as the Settlement Administrator, *see id.*; and (7) approved the proposed Class Notice, *see id.*

The Court also ordered Plaintiff to file, in addition to the motion for final approval, two memoranda. *Id.*

First, the Court ordered Plaintiff to file a memorandum justifying Class Counsel's award of attorneys' fees and costs, including declarations supporting the reasonableness of each attorney's requested hourly rate, itemized billing statements showing hours worked, hourly rates, expenses incurred thus far, and expenses to be incurred in the future. *Id.* The Court instructed Plaintiff to explain in detail why an upward departure from the benchmark percentage rate was warranted. *Id.* The Court also ordered Plaintiff to explain whether a multiplier should be applied to the lodestar value for the attorneys' fees and, if so, why the proposed multiplier was appropriate in this case. *Id.*

Second, the Court ordered Plaintiff to file a memorandum justifying Plaintiff's service award with respect to the Gross Settlement Amount and the Individual Settlement Payments to Class Members, as well as a declaration from Plaintiff supporting such an award. *Id.*

Plaintiff now moves—unopposed—for (1) final approval of the Settlement Agreement and (2) an order awarding attorneys' fees, costs, and an incentive award. *See generally Final Approval Mot.*; *Fees & Award Mot.*

Specifically, Plaintiff moves for an order (1) finally certifying the Class for settlement; (2) finally approving the Settlement agreement; (3) approving the Notice of Class Action Settlement; and (4) entering final judgment in this action. *See Final Approval Mot.* 7:21–8:3. Plaintiff also requests $500,000 in attorneys' fees, costs of $28,068.89, and an incentive award of $5,000 for Plaintiff. *See Fees & Award Mot.* 9:16–22.

II.     Final Approval of the Settlement Agreement

    A.     Overview of Settlement Agreement

Under the Settlement Agreement, Defendant will create a non-reversionary common fund in the amount of $1,500,000 ("Gross Settlement Amount"). *Settlement Agreement* ¶ 1.1.40. The Gross Settlement Amount will be used to pay "(a) Class members, (b) administrative expenses,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | June 11, 2021 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

including notice, (c) Representative Plaintiff's attorneys' fees and costs, and (d) Representative Plaintiff's incentive award." *Id.*

Each Settlement Class Member may submit "one claim per telephone number he or she used or subscribed to" by the Claims Deadline and is "entitled to a single payment in an amount equivalent to his or her *pro rata* share of the Settlement Fund after any approved Fee Award, and approved Service Award, and Settlement Administration Expenses are deducted." *Id.* ¶¶ 4.4.1–4.4.5. In other words, after deducting fees, costs, expenses, and awards from the Gross Settlement Amount ("Net Settlement Amount"), "[e]ach Settlement Class Member shall be entitled to receive an amount equal to the [Net Settlement Amount] divided by the total number of Approved Claims." *See id.* ¶¶ 4.4.4, 1.1.39. Checks to Settlement Class Members expire after 180 days and will be redistributed *pro rata* to Settlement Class Members who (1) submitted Approved Claims and (2) cashed their checks, if such distribution would net those Members more than $5 after administrative costs. *Id.* ¶ 8.4. If not, such uncashed checks will escheat to the applicable state. *Id.*

Defendant also agreed not to "make any telemarketing calls or send any telemarketing text messages for a period of two years to any Settlement Class Member without obtaining prior express written consent or without a TCPA acceptable explanation." *Id.* ¶ 4.3.

In return, Settlement Class Members who do not opt-out release

> any and all claims, liabilities, demands, causes of action, or lawsuits . . . (a) that were brought in the Litigation or could have been brought under state or local laws similar to the [TCPA], (b) that arise from the manner in which text messages were sent, or attempted to be sent, by or on behalf of Defendant, (c) that arise from a lack of consent for sending text messages, or (d) that arise from the sending, or attempted sending, of text messages by or on behalf of Defendant to telephone numbers registered on any federal or state do not call list, within the four years preceding August 6, 2019.

*Id.* ¶ 1.1.29.

Plaintiff estimates that each Settlement Class Member who filed a claim will receive more than $850. *Declaration of Avi R. Kaufman in Support of Final Approval*, Dkt. # 55-1 ("*Kaufman Approval Decl.*"), ¶ 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | June 11, 2021 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

B.     Legal Standard

A court may finally approve a class action settlement "only after a hearing and on finding that the settlement . . . is fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2). Approval or rejection of a settlement agreement is committed to the district court's sound discretion. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). In determining whether a settlement is fair, reasonable and adequate, the court must "balance a number of factors: [1] the strength of the plaintiffs' case; [2] the risk, expense, complexity and likely duration of further litigation; [3] the risk of maintaining class action status throughout the trial; [4] the amount offered in settlement; [5] the extent of discovery completed and the stage of proceedings; [6] the experience and views of counsel; [7] the presence of a government participant; and [8] the reaction of the class members to the proposed settlement." *Id.*; *see also Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003); *Officers for Justice v. Civil Serv. Comm'n of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982) (noting that the list of factors is "by no means an exhaustive list"). Additionally, under Rule 23(e), the Court must "scrutinize the fee arrangement for potential collusion or unfairness to the class" by analyzing three factors: (1) whether counsel "receive[d] a disproportionate distribution of the settlement;" (2) whether the parties agreed to a "clear sailing arrangement;" and (3) whether the settlement includes a "kicker" or "reverter" clause. *See Briseño v. Henderson*, No. 19-56297, 2021 WL 2197968, at *8–*9 (9th Cir. June 1, 2021).

The district court must approve or reject the settlement—as a whole—after comprehensively exploring all factors. *See Hanlon*, 150 F.3d at 1026 ("It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness."). The Court may not delete, modify or rewrite particular provisions of the settlement. *See id.* The district court is cognizant that the settlement "is the offspring of compromise; the question . . . is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Id.* In determining whether a proposed settlement should be approved, the Ninth Circuit has a "strong judicial policy that favors settlement, particularly where complex class action litigation is concerned." *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

C.     Discussion

The Court considers the eight *Hanlon* approval factors and the three *Briseño* factors in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | June 11, 2021 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

*i.    Strength of Plaintiff's Case*

"An important consideration in judging the reasonableness of a settlement is the strength of plaintiffs' case on the merits balanced against the amount offered in the settlement." *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 488 (C.D. Cal. 2010) (cleaned up). This factor is generally satisfied when plaintiffs must overcome barriers to make their case. *See Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010).

Plaintiff asserts that "counsel has taken into account the strength of Defendant's defenses" and "difficulties in obtaining class certification and proving liability." *Final Approval Mot.* 16:7–10. However, Plaintiff does not elaborate any further. Accordingly, the Court finds this factor weighs against final approval because Plaintiff has not offered anything meaningful for the Court's consideration.

*ii.    Risk, Expense, Complexity, and Duration of Further Litigation*

The second factor in assessing the fairness of the proposed settlement is the complexity, expense, and likely duration of the lawsuit if the parties had not reached a settlement agreement. *See Officers for Justice*, 688 F.2d at 625.

Plaintiff argues that this factor is met because counsel considered (1) the "limitations of Defendant's financial ability to pay a potential final judgment;" (2) the "uncertain outcome and risk of the litigation, especially in complex actions such as this one;" (3) "the inherent delays in such litigation;" and (4) "particularly[,] the risk that a change in the law, including a ruling by the Supreme Court . . . or Federal Communications Commission regarding what constitutes an autodialer under the TCPA, could nullify Plaintiff's claims." *Final Approval Mot.* 16:7–16.

The Court agrees with Plaintiff. Because the Settlement Agreement eliminates the delay, costs, and uncertainty that further litigation would create, this factor supports approval. *See Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 331 (N.D. Cal. 2014) ("This factor supports final approval of this settlement because, without a settlement, Plaintiffs would risk recovering nothing after a lengthy and costly litigation.").

*iii.    Risk of Maintaining Class Action Status through Trial*

Although the Court has preliminarily certified the class, the certification was for settlement purposes only. *See Prelim. Approval Order* at 6. Under Federal Rule of Civil

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | June 11, 2021 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

Procedure 23(c)(1)(C), an "order that grants or denies class certification may be altered or amended before the final judgment."

Plaintiff argues that this factor weighs in favor of approval because "Defendant opposed Plaintiff's motion for class certification and argued that consent and other defenses could not be determined on a class basis, and that, therefore, class certification was inappropriate." *Final Approval Mot.* 17:6–11. The Court agrees with Plaintiff that Defendant's opposition posed a risk to maintaining the class through trial. Accordingly, this factor weighs in favor of final approval.

      *iv.    Amount Offered in Settlement*

The fourth factor in assessing the fairness of the proposed settlement is the amount of the settlement. "[T]he very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest hopes." *Officers for Justice*, 688 F.2d at 624 (cleaned up). The Ninth Circuit has explained that "the proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators." *Id.* at 625. Rather, any analysis of a fair settlement amount must account for the risks of further litigation and trial, as well as expenses and delays associated with continued litigation.

Here, the parties agreed to settle all claims for a total sum of $1,500,000. *See Settlement Agreement* ¶ 1.1.40. At the preliminary approval stage, Plaintiff estimated that each Class Member would likely recover between $400 and $600. *See Prelim. Approval Order* at 11. However, given the participation rate, Plaintiff now estimates each Settlement Class Member who submits a claim will receive more than $850. *See Kaufman Approval Decl.* ¶ 3; *Final Approval Mot.* at 17:21–23.

Accordingly, the Court continues to find that the Settlement Amount is appropriate. *See Cabiness v. Educ. Fin. Sols., LLC*, No. 16-cv-01109-JST, 2019 WL 1369929, at *5 (N.D. Cal. Mar. 26, 2019) (collecting TCPA cases in which average recoveries have ranged from $151 to $500); *Estrada v. iYogi, Inc.*, No. 2:13–01989 WBS CKD, 2015 WL 5895942, at *7 (E.D. Cal. Oct. 6, 2015) (approving $40 per-member recovery in a TCPA case). Given the risks of continued litigation and the substantial recovery for the Class, this factor favors final approval of the Settlement Agreement. *See Aarons v. BMW of N. Amer., LLC*, No. CV 11–7667 PSG (CWx), 2014 WL 4090564, at *11 (C.D. Cal. Apr. 29, 2014) (noting that while settlements will not make most class members completely whole, class members will "discount their claims to obtain a certain and timely recovery, rather than bear the significant risk and delay associated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | June 11, 2021 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

with further litigation"); *Vasquez*, 266 F.R.D. at 489 (noting that "the risk of continued litigation balanced against the certainty and immediacy of recovery from the Settlement" is a relevant factor).

       *v.*    *Extent of Discovery Completed and Stage of the Proceedings*

This factor requires the Court to gauge whether Plaintiff had sufficient information to make an informed decision about the merits of her case. *See In re Mego*, 213 F.3d 454, 459 (9th Cir. 2000). The more discovery that has been completed, the more likely it is that the parties have "a clear view of the strengths and weaknesses of their cases." *Young v. Polo Retail, LLC*, No. C 02-4546 VRW, 2007 WL 951821, at *4 (N.D. Cal. Mar. 28, 2007) (internal quotation marks omitted).

Plaintiff notes that, here, "fact and expert discovery were complete with the exception of Plaintiff's deposition when the Parties reached [the] Settlement." *Final Approval Mot.* 19:5–6. Therefore, "Class Counsel's understanding of the key issues driving the litigation, including the likelihood of class certification, the strength of Defendant's consent and other defenses, and the ever-shifting TCPA law landscape, prepared them for well-informed settlement negotiations." *Id.* 19:7–10. The Court agrees that these circumstances indicate that the parties had a clear view of the strengths and weaknesses of their respective cases when negotiating the Settlement Agreement. Moreover, the Settlement Agreement was negotiated with the assistance of a JAMS mediator. *See Final Approval Mot.* 15:6–9.

Accordingly, the Court is confident that Plaintiff had enough information to make an informed decision about the settlement—after arm's-length negotiation and mediation—based on the strengths and weaknesses of the case. *See Young*, 2007 WL 951821, at *4. As such, this factor weighs in favor of granting final approval of the Settlement Agreement.

       *vi.*    *Experience and Views of Counsel*

"Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995). While counsel's views are instructive, they do not entitle the plaintiff to a presumption of fairness. *See Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1049 (9th Cir. 2019).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | June 11, 2021 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

Here, Class Counsel has experience handling TCPA class action cases. *See Kaufman Approval Decl.* ¶ 22. The Court is satisfied that this experience has allowed Class Counsel to evaluate the merits of the claims and risks associated with prosecuting them. The Court accordingly credits Counsel's determination that the settlement is fair and reasonable and finds that this factor weighs slightly in favor of final approval.

      *vii.*    *Presence of a Government Participant*

Because there is no government entity directly participating in the case, this factor is not relevant to the analysis.

      *viii.*    *Class Members' Reaction to the Proposed Settlement*

In evaluating the fairness, adequacy, and reasonableness of settlement, courts also consider the reaction of the class to the settlement. *See Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003). "It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528–29 (C.D. Cal. 2004); *see also Arnold v. Fitflop USA, LLC*, No. CV 11-0973 W (KSCx), 2014 WL 1670133, at *8 (S.D. Cal. Apr. 28, 2014) (concluding that the reaction to the settlement "presents the most compelling argument favoring settlement").

Here, no Class Members have objected to or opted out of the Settlement Agreement. *Final Approval Mot.* 21:3–4. This weighs in favor of final approval.

      *ix.*    *Balancing the* Hanlon *Factors*

Having considered all of the *Hanlon* factors, the Court finds that they favor final approval.

      *x.*    *Briseño Factors*

The Court must also analyze (1) whether counsel "receive[d] a disproportionate distribution of the settlement," (2) whether the parties agreed to a "clear sailing arrangement," and (3) whether the settlement includes a "kicker" or "reverter" clause. *See Briseño*, 2021 WL 2197968, at *8–*9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | June 11, 2021 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

First, as discussed below and at the preliminary approval stage, Class Counsel's request for $500,000, which represents one-third of the Gross Settlement Amount, is not disproportionate. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) (noting that fee awards between 20 and 30 percent of the common fund are typical); *Cabiness*, 2019 WL 1369929, at *8 (awarding 30 percent of the common fund in TCPA case where average per-class-member recovery was $33.36); *Gergetz v. Telenav, Inc.*, No. 16-cv-04261-BLF, 2018 WL 4691169, at *7 (N.D. Cal. Sept. 27, 2018) (awarding 30 percent of common fund in TCPA case).

Second, the Settlement Agreement does not contain a clear sailing arrangement.

Third, the Settlement Agreement does not contain a kicker or reverter clause. *See Settlement Agreement* ¶ 8.4 (noting that all unclaimed funds escheat to the applicable state).

    *xi.*    *Conclusion*

Having found that the *Hanlon* factors favor approval and that none of the *Briseño* factors weighs against approval, the Court **GRANTS** Plaintiff's motion for final approval.

III.    Attorneys' Fees, Costs, and Incentive Award

Plaintiff moves for (1) $500,000 in attorneys' fees for Class Counsel, (2) reimbursement of $28,068.89 in litigation costs incurred by Class Counsel, and (3) a $5,000 incentive award for Plaintiff. *See Fees & Award Mot.* 9:16–22. The Court addresses each request in turn.

    A.    Attorneys' Fees

    *i.*    *Legal Standard*

Awards of attorneys' fees in class action cases are governed by Federal Rule of Civil Procedure 23(h), which provides that, after a class has been certified, the Court may award reasonable attorneys' fees and nontaxable costs. The Court "must carefully assess" the reasonableness of the fee award. *See Staton*, 327 F.3d at 963; *see also Browne v. Am. Honda Motor Co., Inc.*, No. CV 09-6750 MMM (DTB), 2010 WL 9499073, at *3–*5 (C.D. Cal. Oct. 5, 2010) (explaining that in a class action case, the court must scrutinize a request for fees when the defendant has agreed to not oppose a certain fee request as part of a settlement).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | June 11, 2021 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

Where litigation leads to the creation of a common fund, courts can determine the reasonableness of a request for attorneys' fees using either the percentage-of-recovery method or the lodestar method. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 944–45 (9th Cir. 2011) (finding that when a settlement establishes a common fund for the benefit of a class, courts may use either method to gauge the reasonableness of a fee request, but encouraging courts to employ a second method as a cross-check after choosing a primary method).

    *ii.*    *Discussion*

Under the percentage-of-recovery method, courts typically use 25 percent of the fund as a benchmark for a reasonable fee award. *See id.* at 942. The percentage can vary, however, and courts have awarded more or less than 25 percent of the fund in attorneys' fees as they deemed appropriate. *See Vizcaino*, 290 F.3d at 1047 (noting that courts generally award between 20 and 30 percent of the common fund in attorneys' fees).

Here, Plaintiff requests that the Court approve a fee award of $500,000—i.e., one-third of the Gross Settlement Amount. *Fees & Award Mot.* 9:20–21. Because Plaintiff asks the Court to depart from the benchmark of 25 percent, the Court must evaluate each of the five factors set out in *Vizcaino. See Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000). "The mere fact that the defendant agrees to pay the fees 'does not detract from the need to carefully scrutinize the fee award.'" *Zubia v. Shamrock Foods Co.*, No. CV 16-3128 AB (AGRx), 2017 WL 10541431, at *5 (C.D. Cal. Dec. 21, 2017) (quoting *Staton*, 327 F.3d at 964). As such, the Court will analyze this request under the *Vizcaino* factors and cross-check the reasonableness of the award using the lodestar method.

    *a.*    *Percentage of the Common Fund Method*

When assessing the reasonableness of a fee award under the common fund theory, courts consider "(1) the results achieved[,] (2) the risk of litigation[,] (3) the skill required and the quality of work[,] (4) the contingent nature of the fee and the financial burden carried by the plaintiffs[,] and (5) awards made in similar cases." *In re Omnivision Techs.*, 559 F. Supp. 2d at 1046 (citing *Vizcaino*, 290 F.3d at 1048–50).

    *1.*    *Results Achieved*

"The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award." *Id.* Here, given the participation rate, Plaintiff estimates each Settlement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | June 11, 2021 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

Class Member who submits a claim will receive more than $850. *See Kaufman Approval Decl.* ¶ 3; *Final Approval Mot.* at 17:21–23. This is a significant recovery for participating Class Members. *See Cabiness*, 2019 WL 1369929, at *5 (collecting cases in which average recoveries ranged from $151 to $500); *Estrada*, 2015 WL 5895942, at *7 (approving $40 per-member recovery). Accordingly, the Court finds that this result weighs in favor of an upward departure from the Ninth Circuit's 25 percent benchmark. *See also In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1377 (N.D. Cal. 1989) ("[N]early all common fund awards range around 30% . . . .").

### 2. *Risk of Litigation*

The risk that further litigation might result in no recovery is a "significant factor" in assessing the fairness and reasonableness of an award of attorneys' fees. *In re Omnivision Techs.*, 559 F. Supp. 2d at 1046–47; *see also Vizcaino*, 290 F.3d at 1048 (discussing that "[r]isk is a relevant circumstance" in determining an attorney fee award in a common fund case). As discussed above and at the preliminary approval stage, the Court agrees that continued litigation would have been risky. Specifically, at the time the parties settled, a pending Supreme Court case regarding what constitutes an autodialer under the TCPA could have defeated Plaintiff's claims entirely. *See Prelim. Approval Order* at 11; *Fees & Award Mot.* 22:21–23:9. Accordingly, this factor supports an upward departure from the 25 percent benchmark.

### 3. *Skill Required and Quality of Work*

The Court also considers the skill required to prosecute and manage this litigation, as well as Class Counsel's overall performance. *See In re Omnivision Techs.*, 559 F. Supp. 2d at 1047.

Because Class Counsel have not provided particularly useful information regarding this factor, the Court treats this factor as neutral.

### 4. *Contingent Nature and Plaintiff's Financial Burden*

Class Counsel "were working entirely on a contingency basis" and "spent over six hundred hours and more than twenty[-]five thousand dollars" litigating this matter. *Fees & Award Mot.* 22:11–17. Therefore, because Class Counsel faced the risk of walking away with nothing after investing substantial resources in this matter, the Court finds that this factor favors an upward departure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | June 11, 2021 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

### 5. *Awards Made in Similar Cases*

The requested award in this settlement is somewhat higher than awards authorized in similar cases, but the recovery per participating Class Member is also higher. *See Cabiness*, 2019 WL 1369929, at *8 (awarding 30 percent of the common fund in TCPA case where average per-class-member recovery was $33.36); *Gergetz*, No. 16-cv-04261-BLF, 2018 WL 4691169, at *7 (N.D. Cal. Sept. 27, 2018) (finding request for 33 percent of the common fund to be "slightly overreaching" and awarding 30 percent instead). Regardless of whether the *extent* of the upward departure is appropriate in this case, similar cases establish that an upward departure from the benchmark is appropriate here.

### 6. *Balancing the factors*

Because the factors overwhelmingly support an upward departure from the 25 percent benchmark, the Court finds that such a departure is reasonable. However, the Court will cross-check the reasonableness of the upward departure using the lodestar method.

### b. *Lodestar method*

The lodestar method is a way for the Court to cross-check the reasonableness of a fee award. To calculate the "lodestar," the court must multiply the number of hours the attorneys reasonably spent on the litigation by the reasonable hourly rate in the community for similar work. *McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999). The court may raise or lower the lodestar based on several factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Fischel v. Equitable Life Assurance Soc'y*, 307 F.3d 997, 1007 n.7 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | June 11, 2021 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

Class Counsel assert that the current lodestar is $474,610, which is based on 621 hours spent prosecuting Plaintiff's claims. *See Fees & Award Mot.* 25:4–11. In support, Class Counsel submitted timekeeping statements from the three attorneys who worked on the case, *see Declaration of Avi R. Kaufman in Support of Fee Request*, Dkt. # 54-1 ("*Kaufman Fee Decl.*"), ¶¶ 29–34, as follows:

| Name | Position | Hours | Rate | Fees |
|---|---|---|---|---|
| Avi R. Kaufman | Partner | 304 | $ 800 | $ 243,200 |
| Rachel E. Kaufman | Partner | 246.2 | $ 730 | $ 179,726 |
| Stefan Coleman | Of Counsel | 70.8 | $ 730 | $ 51,684 |
| | **Total:** | **621** | | **$ 474,610** |

*1. Rates*

The reasonable hourly rate when calculating the lodestar is the rate prevailing in the community for similar work. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013) ("[T]he court must compute the fee award using an hourly rate that is based on the prevailing market rates in the relevant community."); *Viveros v. Donahue*, No. CV 10-08593 MMM (Ex), 2013 WL 1224848, at *2 (C.D. Cal. Mar. 27, 2013) ("The court determines a reasonable hourly rate by looking to the prevailing market rate in the community for comparable services."). The relevant community is the community in which the court sits. *See Schwarz v. Secretary of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995). If an applicant fails to meet its burden, the court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community. *See, e.g.*, *Viveros*, 2013 WL 1224848, at *2; *Ashendorf & Assocs. v. SMI-Hyundai Corp.*, No. CV 11-02398 ODW (PLAx), 2011 WL 3021533, at *3 (C.D. Cal. July 21, 2011); *Bademyan v. Receivable Mgmt. Servs. Corp.*, No. CV 08-00519 MMM (RZx), 2009 WL 605789, at *5 (C.D. Cal. Mar. 9, 2009).

Here, Class Counsel charged hourly rates of $800 and $730 depending on the attorney. *See Kaufman Fee Decl.* ¶ 29. The Court turns to the *2020 Real Rate Report: The Industry's Leading Analysis of Law Firm Rates, Trends, and Practices* ("Real Rate Report") as a useful guidepost to assess the reasonableness of these hourly rates in the Central District. *See Eksouzian v. Albanese*, No. CV 13-728 PSG (AJWx), 2015 WL 12765585, at *4–*5 (C.D. Cal. Oct. 23, 2015). The Real Rate Report identifies attorney rates by location, experience, firm size, areas of expertise and industry, as well as specific practice areas, and is based on actual legal billing, matter information, and paid and processed invoices from more than eighty companies.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | June 11, 2021 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

*See Hicks v. Toys 'R' Us-Del., Inc.*, No. CV 13-1302 DSF JCG, 2014 WL 4670896, at *1 (C.D. Cal. Sept. 2, 2014). Courts have found that the Real Rate Report is "a much better reflection of true market rates than self-reported rates in all practice areas." *Id.*; *see also Tallman v. CPS Sec. (USA), Inc.*, 23 F. Supp. 3d 1249, 1258 (D. Nev. 2014) (considering the Real Rate Report); *G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 433 (S.D.N.Y. 2012) (same).

The 2020 Real Rate Report provides that, in Los Angeles, partners litigating general liability matters have hourly rates ranging from $190 to $895, and associates have hourly rates ranging from $235 to $580. *See Real Rate Report* at 85. Accordingly, the Court accepts Avi's and Rachel's rate of $800 and Coleman's rate of $730 as within the range charged in the relevant community.

### 2. Hours

An attorney's fee award should include compensation for all hours reasonably expended prosecuting the matter, but "hours that are excessive, redundant, or otherwise unnecessary" should be excluded. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). "[T]he standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982).

Here, Class Counsel have spent 621 hours on this litigation since 2019. *See Fees & Award Mot.* 26:7; *Kaufman Fee Decl.* ¶ 29. As discussed at length above, the Settlement Agreement was reached only after essentially completing all discovery, moving for class certification, engaging in settlement negotiations and a full-day mediation, and briefing Defendant's motion to stay. *See Fees & Award Mot.* 26:18–26; *Kaufman Fee Decl.* ¶¶ 6–11. Although the 621-hour figure is relatively high, the duration and scope of this case and the stage to which it progressed before settling indicate that the time expended by Class Counsel was reasonable.

Accordingly, the Court accepts Class Counsel's proposed lodestar of $474,610.

### 3. Lodestar Cross-Check

Class Counsel's lodestar is less than the requested award of $500,000. Specifically, the requested award represents the lodestar with a multiplier of 1.05.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | June 11, 2021 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

Plaintiff is correct that Courts in this Circuit have approved awards with similar multipliers. *See Vizcaino*, 290 F.3d at 1051 n.6 (finding that a "bare majority" of multipliers in common fund cases fall in the 1.5 to 3.0 range); *Abante Rooter & Plumbing v. Pivotal Payments*, No. 3:16-cv-05486-JCS, 2018 U.S. Dist. LEXIS 232053, at *19 (N.D. Cal. Oct. 15, 2018) (approving 2.7 multiplier in TCPA case); *Gergetz*, 2018 WL 4691169, at *7 (approving 2.625 multiplier in TCPA case).

Moreover, Class Counsel anticipates spending additional time preparing for the final fairness hearing and overseeing the case and settlement administration process, which will result in a final multiplier that is lower than 1.05. *See Fees & Award Mot.* 26:6–10.

Accordingly, the Court finds that Class Counsel's request for one-third of the Gross Settlement Fund is reasonable and supported by both the percentage-of-the-common-fund and lodestar methods. As such, the Court **GRANTS** Plaintiff's motion for $500,000 in attorneys' fees.

B.    Litigation Costs

In class action settlements, "[a]ttorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters." *See In re Omnivision Techs.*, 559 F. Supp. 2d at 1048.

Here, Class Counsel request reimbursement of $28,068.89 in expenses. *See Fees & Award Mot.* at 28:23–25.[1] This includes expenses that are typically charged to fee-paying clients, including "filing fees, process server costs, *pro hac vice* fee[s], expert fees, deposition costs, postage and courtesy copy costs, and mediation fees." *See id.* The Court has reviewed the accounting records and is satisfied that the costs are reasonable. *See Kaufman Fee Decl.* ¶ 36. Therefore, the Court **GRANTS** the request for costs in the total amount of $28,068.89.

---

[1] Counsel's motion papers request $27,005.14. *See id.* At the final approval hearing, Counsel requested an additional $1,063.75 in travel and lodging expenses associated with attending the hearing. Accordingly, Counsel requests a total of $28,068.89.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | June 11, 2021 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

    C.    <u>Incentive Award</u>

"Incentive awards are fairly typical in class action cases." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). When considering requests for incentive awards, courts consider five principal factors:

> (1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

*See Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995). Further, courts typically examine the propriety of an incentive award by comparing it to the total amount other class members will receive. *See Staton*, 327 F.3d at 975.

Here, Plaintiff requests an incentive award of $5,000. *See Fees & Award Mot.* 14:22–24. This award represents 0.33 percent of the Gross Settlement Fund.

Plaintiff asserts that this award is appropriate because she "took personal time to seek out and speak with Class Counsel, search for relevant evidence, review and approve the complaint for filing, respond to discovery including regarding her personal finances and investments, prepare for her deposition . . ., keep apprised of the progress of the litigation, participate in the settlement negotiations, and, ultimately, provide[] her input and approval for the class action settlement of the case presented to the Court for approval." *Id.* 15:12–26.

At the preliminary approval stage, the Court noted that "[t]his award would represent roughly 43.5 times the average per-Member recovery if the Class fully participates, and 8.3 times the average per-Member recovery under Plaintiff's most favorable forecast of $600 per participating Member." *Prelim. Approval Order* at 13. The Court "caution[ed] Plaintiff that she must justify the considerable disparity between the requested award and the average settlement amount for each Class Member." *Id.*

Now, however, Plaintiff estimates that each participating Class Member will receive more than $850. *See Kaufman Approval Decl.* ¶ 3; *Final Approval Mot.* at 17:21–23. Therefore, Plaintiff's award represents roughly 5.9 times the average per-Member recovery. As such, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6798 PSG (PLAx) | Date | June 11, 2021 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

Court finds the requested award to be reasonable. Accordingly, the Court **GRANTS** Plaintiff's request for a $5,000 incentive award.

  D.  Settlement Administration Amount

  Plaintiff proposes to pay Angeion Group approximately $55,000 to administer the Settlement. *Prelim. Approval Order* at 13. The Court continues to find this request reasonable given the costs for mailed notice, national publication notice, claim verification, and distribution of settlement funds to a potential Class of over 13,000 individuals. *See Lowe v. Popcornopolis LLC*, No. CV 19-6984 PSG (RAOx), 2020 WL 5991509, at *7 (C.D. Cal. July 8, 2020) (approving estimated $24,000 to administer class of 191 individuals); *Ching v. Siemens Indus.*, No. 11–cv–04838–MEJ, 2014 WL 2926210, at *2 (N.D. Cal. June 27, 2014) (approving an estimated $15,000 claims administrator fee for sixty-eight claims); *Ozga v. U.S. Remodelers, Inc.*, No. C 09–05112 JSW, 2010 WL 3186971, at *2 (N.D. Cal. Aug. 9, 2010) (granting $10,000 to the claims administrator for 156 claims).

IV.  Conclusion

  For the reasons stated above, the Court **GRANTS** Plaintiff's motion for final approval of class action settlement and for attorneys' fees, costs, and an incentive award. Accordingly, it is **HEREBY ORDERED AS FOLLOWS:**

- The Court approves settlement of the action between Plaintiff and Defendant, as set forth in the Settlement Agreement, as fair, just, reasonable, and adequate. The parties are directed to perform their settlement in accordance with the terms set forth in the Settlement Agreement.

- Class Counsel is awarded $500,000 in attorneys' fees and $28,068.89 in costs. Additionally, Plaintiff is awarded a $5,000 incentive award. The Court finds that these amounts are warranted and reasonable for the reasons stated in this Order.

- The Court approves payment in the amount of $55,000 to Angeion Group for settlement administration costs.

- Without affecting the finality of this judgment in any way, this Court hereby retains exclusive jurisdiction over Defendant and the Settlement Class Members for all matters

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 19-6798 PSG (PLAx) | Date | June 11, 2021 |
|---|---|---|---|
| Title | Jodi Judson v. Goldco Direct, LLC | | |

relating to the litigation, including the administration, interpretation, effectuation, or enforcement of the Settlement Agreement and this order.

This order closes the case.

**IT IS SO ORDERED.**